**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 19424.

United States Court of Appeals
Fifth Circuit.

April 25, 1962.

Rehearing Denied May 29, 1962.

Martin A. Row, Dallas, Tex., John A. Ward, III, Philadelphia, Pa., Robert E. May, Omar L. Crook, Washington, D. C., for petitioner.

Ralph S. Spritzer Gen. Counsel, F. P. C., Howard E. Wahrenbrock, Solicitor, F. P. C., Peter H. Schiff, Atty., F. P. C., Washington, D. C., for respondent.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

Sun Oil Company made a contract on June 10, 1958, for delivery of natural gas from lands designated and described in the contract to Transwestern Pipeline Company. The contract gave Sun the right, subject to some requirements not material here, to commit the gas from certain other described lands to the sale covered by the contract by the unilateral action of giving notice to Transwestern. The contract was tendered to the Federal Power Commission as a rate schedule. It contained a favored-nation escalation clause and a price-redetermination clause. A certificate of public convenience and necessity was issued by the Commission covering only the gas produced from the lands included in the initial commitment of the contract. On March 3, 1961, the Commission adopted its Order No. 232

which, on March 31, 1961, was amended by Order No. 232–A. The orders added to Section 154.93 of the Commission's Rules and Regulations a proviso relating to contract provisions for price changes.[1] The substance of the proviso, as it may affect this case, is to render inoperative and of no effect all types of flexible pricing provisions, with some stated exceptions, contained in contracts subject to the jurisdiction of the Commission which are executed on or after April 3, 1961.[2]

On July 3, 1961, Sun gave Transwestern notice, pursuant to the contract terms, that additional acreage and the gas to be produced therefrom were being committed to the contract. On July 12, 1961, Sun applied to the Commission for an amendment to its certificate for temporary authorization to sell the gas produced from the lands added to the contract. On September 21, 1961, the Commission issued its letter order [3] granting to Sun temporary authorization to sell gas from the lands added to the contract by the unilateral notice to Transwestern. The order contained a statement [4] that in the event any document executed on or after April 3, 1961, which therein or by adoption provided for rate changes,

---

1. Provided, That in contracts executed on or after April 3, 1961, for the sale or transportation of natural gas subject to the jurisdiction of the Commission, any provision for a change of price other than the following provisions shall be inoperative and of no effect at law; the permissible provisions for a change in price are:

(1) provisions that change a price in order to reimburse the seller for all or any part of the changes in production, severance, or gathering taxes levied upon the seller;

(2) provisions that change a price to a specific amount at a definite date; and

(3) provisions that, once in five-year contract periods during which there is no provision for a change in price to a specific amount [paragraph (2)], change a price at a definite date by a price-redetermination based upon and not higher than a producer rate or producer rates which are subject to the jurisdiction of the Commission, are not in issue in suspension or certificate proceedings, and are in the area of the price in question.

2. The Regulation was further amended by Order No. 242 of the Commission which has no application to the question here presented.

3. Temporary authorization is hereby granted to Sun Oil Company to sell natural gas for resale in interstate commerce to Transwestern Pipeline Company from the additional acreage as described in the petition filed 12, 1961, in Docket No. G-15791, subject to the following conditions:

(1) That the rate therefor shall not exceed 17.0 cents per Mcf at 14.65 psia, such rate to be effective until a different prospective rate is established in the proceeding, Docket No. G-15791.

(2) Written acceptance of this authorization by a responsible official of your company within 20 days of the date hereof.

The related rate filing will be considered accepted for filing to be effective on the date of initial delivery, subject to the provisions of Sections 154.94 (c) and 154.101 of the Commission's regulations under the Natural Gas Act, upon compliance with the above conditions.

This filing has been designated as follows:

| Description | Designation |
| --- | --- |
| Letter Agreement 7–3–61 | Supplement No. 12 to Sun Oil Company FPC Gas Rate Schedule No. 122 |

Please advise the Commission of the date of commencement of deliveries under such supplement, making reference in your communication to the supplement as designated above.

Further, in the event that any document comprising the listed rate filing was executed on or after April 3, 1961 and contains provisions, either therein or by adoption of the terms and provisions of other agreements, for a change in rate other than those permitted by Section 154.93 of the Commission's Regulations, such rate change provisions shall be inoperative and of no effect at law and any tendered rate change under such provisions will be rejected.

This authorization and the acceptance of the above supplement are without prejudice to such final disposition of the petition to amend the order issuing certificate as the record may require. Furthermore, once service is commenced under this authorization it may not be discontinued without permission of the Commission issued pursuant to the provisions of the Natural Gas Act.

4. See note 3 supra.

except those permitted by Section 154.93 of the Commission's Regulations, such provision will be inoperative and of no effect at law and any rate change under such provisions will be rejected. Sun made an application for a rehearing requesting the removal of this statement. By a letter order dated November 22, 1961, in which the statement is referred to as a proviso, the Commission dismissed the application. Sun has filed in this Court its petition for review of the Commission's order of September 21, 1961, in so far as it seeks to make inapplicable, to sales of gas from the added lands, the clauses of the original contract for favored-nation escalation and price redetermination.

In its petition for review Sun asserts that the Commission, in the adoption of Order No. 232 and Order No. 232–A, exceeded the authority conferred upon it by the Natural Gas Act,[5] that the statement or proviso in the letter order is contrary to and goes beyond the provisions of Order No. 232 and Order No. 232–A, that the Commission's order deprives Sun of property without due process of law and is arbitrary, capricious and unjustly discriminatory. The Commission has moved to dismiss the petition for review for lack of jurisdiction on the ground that the petitioner is not "aggrieved" within the meaning of Section 19(b) of the Natural Gas Act[6] and that it will not be aggrieved unless it attempts to obtain authorization for a rate increase under the flexible price provisions of the original contract and such increase is rejected by the Commission by reason of the provisions of the amendment to the Regulations.

■ The letter order which Sun seeks to have reviewed is not of a definitive character dealing with the merits of a proceeding before the Commission. It does not presently affect the rights or duties of Sun. It is merely a step in the administrative process and is interlocutory and not reviewable. Shank, Trustee, v. Federal Power Commission, 5th Cir., 1956, 236 F.2d 830, cert. den. 352 U.S. 970, 77 S.Ct. 361, 1 L.Ed.2d 324; Lee, Trustee, v. Federal Power Commission, 5th Cir., 1956, 236 F.2d 835, cert. den. 352 U.S. 970, 77 S.Ct. 361, 1 L.Ed.2d 323. That the language in the letter order of which Sun complains has no coercive effect is shown by the meaning given to it by the Commission. In the Motion to Dismiss of the Commission, it is said:

"Petitioner's claim of actual controversy appears to be based on the contention that the language it objects to in the certificate represents a Commission decision that Section 154.93 is applicable to this case. In fact, however, the Commission has made no such decision. The language complained of is 'boiler-plate' language which has been regularly used in numerous temporary certificates, not as a decision on the facts but as a means of calling the regulation to the attention of the applicant.

"We are authorized to state that the language used was not intended to broaden, narrow, or apply the regulation, or to determine its applicability or scope, or to constitute a condition of the certificate. It is solely of an informatory nature, as was the abandonment language in the Sunray certificate ([Sunray Mid-Continent Oil Co. v. Federal Power Commission, 10 Cir.], 270 F.2d 404 * * *) which called attention to a provision of the Act. Like that language with respect to Sunray, the language here in issue has no present impact on Sun."

■ To the extent the foregoing is a construction of the language of the certificate, we adopt it. To the extent it states principles of law, we agree with it. We would add that neither the adoption of the amendments to the Regulations, their mention in the certificate, nor

5. 15 U.S.C.A. §§ 717 et seq.

6. Any party to a proceeding under this act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Court of Appeals of the United States * * *

the Commission's construction of them is in any sense decisive as to their validity. That issue is not now before us. We shall defer our consideration of it until it is properly presented.

The Commission's motion is granted and the petition for review is

Dismissed.