**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 19001.**

United States Court of Appeals Fifth Circuit.

April 25, 1962.

Rehearing Denied May 29, 1962.

John A. Ward, III, Philadelphia, Pa., Charles F. Heidrick, Edwin M. Cage, Dallas, Tex., Joiner Cartwright, Herf M. Weinert, Beaumont, Tex., Robert E. May, Omar L. Crook, May, Shannon & Morley, Washington, D. C., for petitioner Sun Oil Co., Martin A. Row, Dallas, Tex., of counsel.

Ralph S. Spritzer, Gen. Counsel, Howard E. Wahrenbrock, Sol., Luke R. Lamb, Asst. Gen. Counsel, Peter H. Schiff, Washington, D. C., for respondent Federal Power Commission.

L. Dan Jones, William I. Powell, Washington, D. C., John Davenport, Austin, Tex., Jack M. Campbell, Roswell, N. M., George W. Anderson, Jr., Wichita Falls, Tex., Tom L. Schwinn, Wichita, Kan., John Ben Shepperd, Odessa, Tex., for Associations, amici curiae.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

This is a companion case, in a way, to Sun Oil Company v. Federal Power Commission, 5 Cir., 304 F.2d 290, which this Court has decided today. In both cases we are asked to pass upon the validity of orders of the Commission which amend its Regulations. In the other case the petition for review was of an order in a pro-

ceeding to which the petitioner is a party and in which reference to the Regulation was made. In this case we are asked to review the amending order itself.

By its Order No. 232 and Order No. 232–A, issued March 3, 1961, and March 31, 1961, and made effective April 3, 1961, Section 154.93 was amended by adding the following proviso:

"Provided, that in contracts executed on or after April 3, 1961, for the sale or transportation of natural gas subject to the jurisdiction of the Commission, any provision for a change of price other than the following provisions shall be inoperative and of no effect at law; the permissible provisions for a change in price are:

"(1) provisions that change a price in order to reimburse the seller for all or any part of the changes in production, severance, or gathering taxes levied upon the seller;

"(2) provisions that change a price to a specific amount at a definite date; and

"(3) provisions that, once in five-year contract periods during which there is no provision for a change in price to a specific amount [paragraph (2)], change a price at a definite date by a price-redetermination based upon and not higher than a producer rate or producer rates which are subject to the jurisdiction of the Commission, are not in issue in suspension or certificate proceedings, and are in the area of the price in question."

The petitioner, Sun Oil Company, filed with the Commission an application for rehearing. On May 4, 1961, the Commission advised Sun that the two orders prescribed a general rule upon which an application for rehearing does not lie, and that the application was being considered as a comment upon the orders. On the following day the application was rejected by the Commission and returned to Sun. A petition for review, filed by Sun, has brought the matter before us.

The Commission, although it filed no motion to dismiss, urges that there is a complete absence of any right of review and that this Court should, of its own motion, dismiss the petition for want of jurisdiction. The situation here is not wholly unlike that which was presented by Magnolia Petroleum Co. v. Federal Power Commission, 5th Cir. 1956, 236 F.2d 785, cert. den. 352 U.S. 968, 77 S.Ct. 356, 1 L.Ed.2d 322. There the petitioners sought, by petitions for review, to have Order No. 174–A vacated, set aside and nullified upon the grounds, also here asserted, that the order was beyond the statutory powers of the Commission and deprived the petitioners of constitutional rights. So also, in Magnolia as in the case here considered, it was urged that although the order purported to be procedural in form it was actually adjudicatory by requiring and prohibiting action and depriving the petitioners of substantive rights. Order No. 232 and Order No. 232–A are not determinative of status, do not adjudge rights or obligations nor direct the taking or refraining from any particular action. With this being so, we hold as was held in Magnolia that the Orders and Regulation are not subject to review under the provisions of Section 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b). See also Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; California Oregon Power Company v. Federal Power Commission, 1956, 99 U.S. App.D.C. 263, 239 F.2d 426.

In the event that Sun seeks to put price increases into effect pursuant to a particular contract provision which the Regulation declares inoperative, and the Commission enters its order disallowing the increase and asserts Regulation 154.93 as the basis of its order, the validity of the order can be tested by a petition for review. Such order would be of a definitive character dealing with the merits of a proceeding before the Commission. Federal Power Commission v. Metropolitan Edison Co., supra. Until the Commission, in a proceeding before it, has entered an order or made a decision apply-

ing or enforcing the Regulation so as to place Sun in a position where it is required to do or refrain from taking some action, or is presently to be deprived of property or of a legal right, or some relationship or status is to be changed to its detriment, Sun will not be aggrieved within the meaning of the Act.

The argument is advanced by Sun that the orders constitute an unjustified and unauthorized interference with the right of contract. Cf. United Gas Pipe Line Company v. Mobile Gas Service Corporation, 350 U.S. 332, 76 S.Ct. 373, 100 L.Ed. 373; United Gas Pipe Line Company v. Memphis Light, Gas & Water Division, 358 U.S. 103, 79 S.Ct. 194, 3 L.Ed.2d 153, reh. den. 358 U.S. 942, 79 S.Ct. 344, 3 L.Ed.2d 350; Sun Oil Company v. Federal Power Commission, 5th Cir. 1959, 266 F.2d 222, aff. 364 U.S. 170, 80 S.Ct. 1388, 4 L.Ed.2d 1639. So too, Sun urges, it is for Congress, not the Commission, to correct the evils, if such they are, in the contractual rate change provisions which the Commission's orders would outlaw. It might be interesting to speculate as to whether or not it would be desirable that the Courts be given jurisdiction to pass upon the validity of administrative orders which are unrelated to a particular proceeding before the administrative body, or whether such jurisdiction, if granted, would be within the judicial power as conferred upon the Federal Courts. But since no effort has been made to confer such jurisdiction we need not indulge in seeking answers to hypothetical queries.

While this matter was pending before us the Commission, on February 8, 1962, issued its Order No. 242 which further amends its Regulation § 154.93 and other Regulations. We may take notice of its having been issued but are not called upon to comment with respect to its validity or effect.

Since we reach the conclusion that we have no jurisdiction, it follows that the petition for review must be

Dismissed.