HUNT OIL COMPANY et al., Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.

The SUPERIOR OIL COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.

HUMBLE OIL & REFINING COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.

Nos. 19711, 19719, 19722.

United States Court of Appeals Fifth Circuit.

Aug. 14, 1962.

Albert C. McClain, Jesse H. Foster, Jr., William H. Holloway, Houston, Tex., for Humble Oil & Refining Co.

Robert M. Kennedy, Robert W. Henderson, Dallas, Tex., for Hunt Oil Co.

Roland B. Voight, Herbert W. Varner, Houston, Tex., for Superior Oil Co.

Howard E. Wahrenbrock, Sol., F. P. C., Richard A. Solomon, Gen. Counsel, F. P. C., Washington, D. C., for respondent.

Before BROWN, WISDOM and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

The petitioners seek review of FPC Order No. 242, 28 FPC ——, issued on February 8, 1962, after a rule-making proceeding in conformity with § 4 of the Administrative Procedure Act, 5 U.S.C.A. § 1003.

Order No. 242 amended §§ 154.93, 157.14(a), and 157.25 of the FPC Regulations [1] by adding a notice that any contract executed after April 2, 1962, containing an indefinite pricing provision would not be accepted by the Commission for filing as a rate schedule, would be given no consideration in determining the adequacy of gas supply, and would cause rejection of any accompanying application for a Certificate of convenience and necessity.[2]

The FPC has filed a motion to dismiss all three cases for want of jurisdiction on the authority of the Sun Oil cases [3] recently decided by this Court. We are in complete agreement with the FPC that Sun Oil [4] is controlling here because

---

1. 18 C.F.R. §§ 154.93, 157.14(a), and 157.-25.

2. Order No. 242 in pertinent part reads as follows:

"(A) § 154.93 *Rate Schedule Defined*, is amended by adding a provision at the end thereof to read:

"*Provided further*, That any contract executed on or after April 2, 1962, containing price-changing provisions other than the permissible provisions set forth in the proviso next above shall be rejected.

"(B) § 157.14(a) (10) *Exhibit H—Total Gas Supply Data* (v), is amended by adding a proviso at the end thereof to read:

"*Provided, further, however*, That any contract executed on and after April 2, 1962, and filed in support of an applicant's gas supply showing will be given no consideration in determining adequacy of gas supply if it contains any price-changing provisions other than those defined as permissible in § 154.93 hereof.

"(C) § 157.25 *Necessary exhibits, Exhibit B, Contracts*, is amended by deleting all the language after the first sentence thereof, ending with the words "Natural Gas Act", and inserting in lieu thereof the following:

"On or after April 2, 1962, the application shall be rejected if any contract submitted in support thereof contains any price-changing provisions other than those defined as permissible in § 154.93 hereof."

3. Sun Oil Company v. F. P. C., 5 Cir., 1962, 304 F.2d 293; Sun Oil Company v. F. P. C., 5 Cir., 1962, 304 F.2d 290.

4. The Sun Oil cases involved FPC Orders Nos. 232 and 232–A which amended 18 C.F.R. § 154.93 as follows:

"Provided, that in contracts executed on or after April 3, 1961, for the sale or transportation of natural gas subject to the jurisdiction of the Commission, any provision for a change of price other than the following provisions shall be inoperative and of no effect at law; the permissible provisions for a change in price are:

"(1) provisions that change a price in order to reimburse the seller for all or any part of the changes in production, severance, or gathering taxes levied upon the seller;

"(2) provisions that change a price to a specific amount at a definite date; and

"(3) provisions that, once in five-year contract periods during which there is no provision for a change in price to a specific amount [paragraph (2)], change a price at a definite date by a price-redetermination based upon and not higher than a producer rate or producer rates which are subject to the jurisdiction of the Commission, are not in issue in suspension or certificate proceedings and are in the area of the price in question."

the petitioners have not attempted to file with or use before the Commission any contract executed on or after April 2, 1962, containing any such indefinite pricing provision. There is thus no indication that petitioners have been, or may ever be, adversely affected by the amended regulations. Petitioners are not aggrieved by the orders and we are therefore without authority to review their validity.

The motion to dismiss is

Granted.