**UNION OIL COMPANY OF CALIFORNIA and Louisiana Land and Exploration Company, Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 15461.**

United States Court of Appeals
Fifth Circuit.

June 30, 1956.

Rehearing Denied Aug. 21, 1956.

George D. Horning, Jr., Hogan & Hartson, Washington, D. C., for petitioner, Union Oil Co. of Cal.

Loftus E. Becker, Cahill, Gordon, Reindel & Ohl, Washington, D. C., for petitioner, La. Land and Exploration Co.

Willard W. Gatchell, Gen. Counsel for Federal Power Commission, Lambert McAllister, Asst. Gen. Counsel, Washington, D. C., W. Russell Gorman, Washington, D. C., for respondent.

Before BORAH, RIVES and BROWN, Circuit Judges.

BORAH, Circuit Judge.

Petitioners are here seeking review of four orders of the Federal Power Commission under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. §§ 717 et seq., 717r(b), and Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. With respect to Commission Orders 174–A and 174–B, this case presents issues identical to those involved in No. 15,320, Magnolia Petroleum Co. v. Federal Power Commission, No. 15,321—Ohio Oil Co. v. Federal Power Commission, No. 15,352—Superior Oil Co. v. Federal Power Commission, and No. 15,354—West v. Federal Power Commission, 236 F.2d 785. With respect to the other two orders by which the Commission suspended rates and charges for gas sold under contracts which had theretofore been filed with the Commission, this is a companion case to Humble Oil & Refining Co. v. Federal Power Commission, 236 F.2d 819.

As in the Magnolia case, petitioners herein were among the numerous producers who filed with the Commission applications for rehearing of Order 174–A. They, like the other applicants for rehearing, were granted oral argument before the full Commission and were given an opportunity to file briefs in support

of their applications. Following the submission of briefs and oral arguments, the Commission by order issued September 24, 1954, amended Order 174–A in a respect immaterial to the petitioners here, and extended the time for compliance with the order from October 1 to December 1, 1954, but it took no further action at that time upon the numerous applications for rehearing. Thereafter, on December 17, 1954, the Commission issued Order 174–B in which it amended and restated Order 174–A, and denied all applications for rehearing respecting Order 174–A, including those filed by petitioners herein.

Meanwhile, pursuant to the regulations promulgated in Order 174–A, and on September 30, 1954, petitioners, under protest and with reservations of all rights, filed with the Commission their applications for certificates of public convenience and necessity and their respective contracts together with all supplements thereto reflecting rates and charges in effect on June 7, 1954, for the sale of their gas to Transcontinental Gas Pipeline Company. These contracts had been entered into in 1948, and they contained identical provisions covering the sale of petitioners' gas to Transcontinental for a term of twenty years. Under the terms of these contracts which included a so-called "third party favored nation" clause, Transcontinental on June 7, 1954, was paying to petitioners 8.79 cents per Mcf. before tax reimbursement. On November 17, 1953, as a result of negotiations, petitioners and Transcontinental had entered into new contracts and these new contracts by their terms superseded the 1948 contracts as of November 1, 1954. Under these new and superseding contracts it was provided among other things that the price to be paid Transcontinental during the five-year period following November 1, 1954, would be 16 cents per Mcf. before tax reimbursement, and that such base price would be increased by one cent per Mcf. at the end of each successive five-year period following the effective date of the contract. Consequently, the filings made by petitioners on September 30, 1954, included: (1) petitioners' 1948 contracts with Transcontinental reflecting rates in effect on June 7, 1954; (2) the new and superseding contracts executed in November, 1953, and to be effective on November 1, 1954; and (3) applications for certificates of public convenience and necessity covering petitioners' sales to Transcontinental. On October 29, 1954, which was three days prior to the effective date of the 1953 contract, the Commission issued two orders announcing that on a date to be fixed it would enter upon a hearing concerning the lawfulness of the proposed changes in rates to be charged on and after November 1, 1954. In the same orders the Commission suspended and deferred the use of rate schedules providing the increased prices for a period of five months beyond November 1, 1954.[1] Following the issuance of these orders petitioners filed applications for rehearing and reconsideration, and by separate orders issued on December 7, 1954, the Commission shortened the respective suspension period to three months beyond November 1, but in all other respects denied the applications for rehearing.

On February 3, 1955, petitioners filed this joint petition for review in which they seek to have Orders 174–A and 174–B, and the two suspension orders of October 29 set aside, vacated, and nullified. In their petition they requested that all of the orders be stayed pending final de-

---

1. The reasons given by the Commission in each of the orders for suspending these rates were: "The increased rates and charges proposed in the aforesaid filings have not been shown to be justified, and may be unjust, unreasonable, unduly discriminatory or preferential, or otherwise unlawful." The Commission's findings were: "It is necessary and proper in the public interest and to aid in the enforcement of the provisions of the Natural Gas Act that the Commission enter upon a hearing concerning the lawfulness of the said proposed changes, and that the above-designated supplements be suspended and the use thereof deferred as hereinafter ordered."

termination of the petition for review. In addition to the foregoing, petitioners also prayed that this Court on final hearing decree that petitioners be entitled to collect and receive the "new contract prices for all natural gas sold and delivered to their customers during the period of suspension thereof," and that upon final hearing this Court declare that the petitioners are not natural-gas companies within the meaning of the Natural Gas Act and that they are not subject to the jurisdiction of the Commission. Thereupon the Commission filed a motion to dismiss the petition for review and an opposition to the request for stay on the grounds that the orders sought to be reviewed are procedural and interlocutory and not subject to judicial review or stay under Section 19(b) of the Natural Gas Act, and that petitioners have not exhausted the administrative remedies available to them under the provisions of the said Act. Upon consideration of petitioners' request for stay and the Commission's opposition thereto, this Court on March 9, 1955, issued an order denying the stay.

In their petition for review, petitioners asserted thirty-one assignments of error, and these assignments petitioners in their brief have compressed into the following six points: (1) all of the orders of the Commission here involved are reviewable orders under Section 19(b) of the Act, because they constitute definitive adjudications of petitioners' rights and, without more, have prevented the performance of petitioners' contracts in accordance with their terms; (2) by issuing the orders under review, the Commission exceeded its jurisdiction by depriving petitioners of their statutory right to make an initial filing of their rates which would not be subject to suspension without hearing; (3) in issuing the orders under review, the Commission exceeded its jurisdiction by assessing petitioners' rates retroactively; (4) in issuing Orders Nos. 174–A and 174–B, the Commission exceeded its jurisdiction by attempting to regulate these petitioners'

production and gathering activities, which were expressly exempt from such jurisdiction by Section 1(b) of the Act; (5) the issuance of Orders 174–A and 174–B without notice and hearing was illegal and constituted a taking of petitioners' property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States; and (6) by issuing the orders under review the Commission exceeded its jurisdiction by attempting to regulate sales by these petitioners which were exempted therefrom under the "production" and "gathering" proviso of Section 1(b) of the Act.

Thus, and as in the cases to which we have referred supra wherein we have been asked to review orders of the Federal Power Commission, the self-same questions presented here are the reviewability, and, if reviewable, the validity of the Commission's orders. With respect to Orders 174–A and 174–B, the petitioners' contentions herein are in essence identical to those urged in Magnolia Petroleum Co. v. Federal Power Commission, supra, and what was there said in respect to the nonreviewability of those orders is equally applicable and controlling here. Similarly, what we said in Humble Oil & Refining Co. v. Federal Power Commission, supra, as to the nonreviewability of the suspension orders there involved is dispositive of the question here presented with respect to the suspension orders of October 29, there being involved in both cases an identity of legal principles.

In their petition for review and over and beyond the questions presented in the Magnolia and Humble Oil cases, petitioners are here asking us to declare that they are not subject to the provisions of the Natural Gas Act. For answer we deem it sufficient to say that the Commission, the administrative agency to which Congress delegated the power and duty of administering the Act, is the body entrusted with the initial determination of that fact, and no such determination has been made by it. The

doctrine of exhaustion of administrative remedies requires not merely the initiation of prescribed administrative procedures; it requires pursuing them to their appropriate conclusion and awaiting their final outcome before seeking judicial intervention. As was stated in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796:

"The very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings. Where Congress has clearly commanded that administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own * * *. To do this not only would contravene the will of Congress as a matter of restricting or deferring judicial action. It would nullify the congressional objects in providing the administrative determination. In this case these include securing uniformity of administrative policy and disposition, expertness of judgment, and finality in determination, at least of those things which Congress intended to and could commit to such agencies for final decision."

Thus, until there has been a proceeding before the Commission, a record adduced, and an order issued declaring that petitioners are natural-gas companies within the meaning of the Natural Gas Act, and therefore subject to the jurisdiction of the Commission, this Court has no jurisdiction to act.

In the light of what we have just said and for the reasons stated at length in the Magnolia and the Humble Oil cases, the petition for review must be dismissed for lack of jurisdiction.

Dismissed.

JOHN R. BROWN, Circuit Judge, dissenting. For dissenting opinion see 236 F.2d 785.

On Petition for Rehearing

PER CURIAM.

As neither of the judges who concurred in the decision of the court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is, hereby, denied.

JOHN R. BROWN, Circuit Judge, dissents.