NEW YORK CENTRAL RAILROAD *v.* PUBLIC
SERVICE COMMISSION ET AL.

[Nos. 19, 703, 19,738. Filed June 27, 1962.
Rehearing denied September 4, 1962.]

R. O. Olson, of Chicago, Illinois, *Karl J. Stipher* and *Baker & Daniels,* of Counsel, both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Marcus E. Woods,* Deputy Attorney General, for appellee.

MYERS, J.—These are two appeals from two orders of the Public Service Commission of Indiana, hereinafter referred to as the Commission, requiring appellant, The New York Central Railroad Company, to restore the services of its Passenger Trains Nos. 2 and 28 in the manner that existed prior to April 30, 1961. These two appeals were consolidated for briefing, argument and decision by this court pursuant to an order dated December 1, 1961.

The facts leading to this controversy as shown by the record are as follows: Prior to April 30, 1961, appellant operated two passenger trains daily from Chicago, Illinois, to Albany, New York, known as Train No. 2 and Train No. 28. Train No. 28 was scheduled to leave Chicago at 2:50 p.m. (CST) and arrive in Albany at 5:45 a.m. (EST). It was composed of twelve cars, including sleepers, coaches, a lounge, a diner and a baggage car. Train No. 2 was scheduled to leave Chicago at 5:00 p.m. (CST) and arrive in Albany at 10:17 a.m. (EST). Its equipment was about the same as the other, also consisting of twelve cars. Each train was pulled by diesel engines. To arrive at their destination, it was necessary for them to pass through the northern part of the State of Indiana, making stops at Gary, South Bend, LaPorte, Elkhart and Waterloo.

Beginning on April 30, 1961, appellant "consolidated" these trains by combining the equipment so that there were two mail and express cars, seven coaches, five sleepers, one sleeper club, one sleeper coach, one lounge car and a diner, pulled by three diesel engines. A new timetable was published showing these trains as having been rescheduled. The printed information read that Train No. 28 and Train No. 2 each left Chicago at 4:00 p.m. and arrived in

Cleveland at 10:47 p.m. Train No. 28 was shown as scheduled to arrive in Albany at 7:00 a.m., while Train No. 2 was scheduled to arrive there at 10:30 a.m.

On July 24, 1961, appellant filed a petition with the Commission setting up these facts, alleging that this "consolidation" met the needs of the traveling public and shippers in Indiana and continued to serve all Indiana stations previously served. Appellant asked for an order from the Commission disclaiming jurisdiction of the combining of equipment and re-scheduling of the trains, or, in the alternative, to determine that such constituted a consolidation of two trains and not a discontinuance of a train within the meaning of Rule 2 of the Commission.

Rule 2 of the Commission reads as follows:

"108-2 ABANDONMENT OF SERVICE.

"Rule 2.

"Before any railroad company engaged in intra-state commerce in the State of Indiana shall discontinue any passenger train, or trains, rendering intrastate service, such railroad company shall file its petition with the Commission requesting authority to do so. In such petition such company shall set out in detail the number and schedule of such train, or trains, the name of the cities and towns served in the State of Indiana, whether such trains transport mail, express, baggage and freight in addition to passengers, total amount of revenue received from the operation of such trains operating within the State of Indiana and the cost of such train operation for the previous calendar year, and such other facts as may be necessary to fully advise the Commission as to such passenger train service. Petitions filed under Rule 2 above set out will be docketed by the Commission and set for public hearings and at least ten (10) days notice thereof will be given by publication as required by law."

On July 28, 1961, the Commission issued a notice that a hearing would be held on August 14, 1961.

On August 11, 1961, the Commission issued an order pertaining to this petition, the pertinent part of which reads as follows:

"The Commission, having examined said petition, reviewed the law and rules of the Public Service Commission of Indiana, now finds that it is unnecessary to have a public hearing on Petitioner's petition because the Commission has many times in the past considered and determined that it has jurisdiction of the matter of a railroad company operating in this State in eliminating two scheduled trains traveling through points in Indiana and substituting therefor a train with a timetable roughly halfway in-between the timetables of two trains which have been eliminated.

"As to the Petitioner's first alternative prayer, the Commission finds that the elimination of two scheduled trains and the substitution of one scheduled train with a timetable roughly halfway in-between the timetables of the two scheduled trains, previously operated, does not constitute a consolidation, but is a discontinuance of a train within the meaning of Rule 2 of the Public Service Commission of Indiana adopted November 8, 1945, in Docket No. 17688.

"The Commission further finds as to Petitioner's second alternative prayer in its petition, that said prayer is not properly presented to the Commission to act upon the relief sought, there being no allegations in the petition which would activate the rule-making procedures of this Commission, and there are no allegations in the petition which, in the opinion of this Commission, would cause it to make an investigation of its rules upon its own motion.

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that the hearing on the petition of the New York Central Railroad Company in this cause, filed July 24, 1961, which was set by the Commission

for August 14, 1961, is hereby cancelled and no hearing is necessary on this petition.

"IT IS FURTHER ORDERED that the Commission has jurisdiction of the subject matter of this petition and of the eliminating of Trains Nos. 2 and 28 and the substitution of one train with a timetable roughly halfway in-between the timetables of the two trains eliminated.

"IT IS FURTHER ORDERED that the action of The New York Central Railroad Company of April 30, 1961 in cancelling Trains Nos. 2 and 28 and substituting therefor one train with a timetable roughly halfway in-between the timetables of the two trains eliminated constitutes a discontinuance of a train within the meaning of Rule 2 of the Public Service Commission of Indiana adopted November 8, 1945 in Docket No. 17688.

"IT IS FURTHER ORDERED that the prayer of The New York Central Railroad Company for a modification and amendment of said Rule 2 is not properly presented for consideration of this Commission."

On the same day, being August 11, 1961, the Commission proceeded to issue an order to show cause against appellant, which order reads as follows:

"WHEREAS, the New York Central Railroad is a common carrier of passengers and freight, engaged in intrastate commerce in and through the State of Indiana, wherein it maintains and operates a part of its line of tracks that run from the Illinois-Indiana State line to the Ohio-Indiana State line and is subject to regulation under the Railroad Commission Act and Rules legally adopted thereunder by this Commission more specifically, Rule 2 for the ABANDONMENT OF SERVICE 'Section 108-2' which provides the method therefor and requires:" [Rule 2 is set forth in this opinion.] "and

"WHEREAS, it has been made to appear to this Commission that said Railroad has abandoned, discontinued and dispensed with certain operations of its trains #28 and 2 respectively, on said

line between the Illinois-Indiana State line and the Ohio-Indiana State line, without having first obtained permission of this Commission and in violation of the foregoing law relative thereto.

"NOW, THEREFORE, IT IS ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA, that the said New York Central Railroad Company be, and the same is hereby ORDERED to appear before this Commission in its Room #905 of the Indiana State Office Building, Indianapolis, Indiana, on the 25th day of September, 1961, at 9:00 A.M. (CST), 10:00 A.M. (CDST), to show cause why said New York Central Railroad Company curtailed and changed certain operations of its Trains #28 and #2 without having first obtained the authority of this Commission pursuant to Rule 2 of the Public Service Commission of Indiana."

A hearing was held on September 25, 1961, and evidence was submitted and heard. On October 20, 1961, the Commission issued an order wherein it found that the consolidation of the trains constituted an unauthorized elimination of a train under Rule 2. Appellant was ordered to restore the services of the two trains as they were prior to April 30, 1961.

Appeals were taken from each of these orders to this court pursuant to §54-443, Burns' Ind. Stat., 1951 Replacement (Supp.). The assignment of error in each is that the order appealed from is contrary to law. Section 54-443, Burns' Ind. Stat., 1951 Replacement (Supp.), *supra; Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 86, 131 N. E. 2d 308, 314.

Appellant argues that the first order of the Commission, based upon its petition to disclaim jurisdiction, violates statutory law, rules of procedural law, established legal principles, and is a denial of due process by reason of the fact that there was no formal hearing, and thus the order is invalid as not being

founded on facts which were supported by substantial evidence. As to the show-cause order and the hearing thereon, appellant claims the resulting order is invalid for the reason that there was no finding by the Commission that appellant had failed to show cause for the curtailment and change of operations of its trains and for its failure to comply with Rule 2; that the Commission refused to consider any evidence of public convenience and necessity at the hearing; that it did not allow appellant to present evidence material to the merits before ordering restoration of former service; that the consolidation of the trains was not discontinuance of a train or passenger service within the meaning of Rule 2, but was a change in time schedules not subject to the approval of the Commission.

Appellees respond to this argument by saying that the facts in evidence clearly indicate the discontinuance of a train; that appellant's petition to disclaim jurisdiction was not authorized by law, and the only question presented by such petition went to the Commission's power to act, but no question was presented which went to the merits; that failing to petition the Commission pursuant to the provisions of Rule 2, appellant did not exhaust its administrative remedies, and was not entitled to a judicial review of the Commission's jurisdictional order; that even if the Commission erred in making its jurisdictional order without a hearing, such error was invited when appellant filed an unauthorized petition, and so it cannot complain; that the error, if made, was not prejudicial because appellant was given a "full" hearing on the same issue pursuant to the show-cause order; that when it issued the show-cause order, the Commission was concerned only with whether appel-

lant had, in fact, violated Rule 2 and limited the order accordingly and thus properly excluded evidence going to the issue of public convenience and necessity; that there is a presumption of validity to the orders which appellant failed to rebut.

We are not inclined to agree with appellees' response. The main question involved in this matter is whether or not a train or passenger service was discontinued. Able counsel for both sides have argued this question in briefs and in oral argument. This is a question of fact which should have been presented to the Commission for decision. In so far as this court is concerned, that question never has been properly decided by the Commission.

At the time appellant rescheduled these trains and rearranged their equipment, it apparently took the viewpoint that there was no necessity to have the Commission approve this action. In so doing it acted in an unwarranted and arbitrary manner from which an inference might have been drawn that it was not acting in good faith with respect to the Commission. There must have been doubt in the minds of appellant's officials as to whether or not they had violated Rule 2, for they caused appellant's petition to disclaim jurisdiction to be filed July 24, 1961. This was a back-door approach to the Commission, requesting it to affirmatively state that appellant was committing no wrong. The Commission rightfully rejected this petition. Appellant knew, or should have known, that pursuant to statutes and its rules, the Commission has been vested with jurisdiction over all phases of railroad operation and train service. Sections 54-107, 55-101, Burns' Ind. Stat., 1951 Replacement. This could include the changing of time schedules and the rearrangement of train equipment.

Therefore, its petition to disclaim jurisdiction was not only unknown and unauthorized procedure, but it requested an unobtainable and impossible remedy, namely, that the Commission should take jurisdiction of the petition and then make a determination that it had no jurisdiction when at all times it was vested by law with such jurisdiction. Primarily, the filing of this petition reflected appellant's doubts as to whether it had proceeded properly. It would seem that appellant should have resolved these doubts by making an application before the Commission in the first place, asking for a hearing and ruling as to whether its proposed action would constitute a discontinuance or a consolidation of trains. If appellant had so proceeded, or even if appellant had admitted that this was a discontinuance and had gone before the Commission pursuant to the provisions of Rule 2, it was indicated in oral argument that its action would have been approved.

However, the Commission has committed error in this case which requires its orders to be reversed. When appellant's petition was filed, the Commission set the matter for hearing, then it cancelled the hearing and disposed of the matter summarily by an order which not only declared that it had jurisdiction, but contained a finding that the action taken by appellant was the discontinuance of a train within the meaning of Rule 2. This was a finding of fact based upon no evidence whatsoever. It is settled law that an order of the Commission must be based upon facts specially found by the Commission which are supported by substantial evidence. *Pub. Ser. Comm. et al., etc.* v. *Ind. Bell Tel. Co.* (1956), 235 Ind. 1, 27, 130 N. E. 2d 467. Our Supreme Court and this court have held that the Commission

cannot make findings and enter orders based upon its own independent investigation and information. *Monon Railroad* v. *Public Service Commission* (1960), 241 Ind. 142, 170 N. E. 2d 441; *Baltimore & Ohio Railroad Co.* v. *Public Service Com'n* (1961), 132 Ind. App. 493, 177 N. E. 2d 275. Thus, this order of the Commission is invalid and void.

Appellees argue that even if this order is considered as error, it was not prejudicial because appellant was given a "full" hearing on the same issue pursuant to the order to show cause. That order was predicated upon the previous finding of the Commission which we have held to be invalid. It assumed the factual premise that a train had been discontinued, and ordered the appellant to show cause why it had done so. At the hearing, it excluded evidence which appellant attempted to introduce on the subject of public convenience and necessity, and which appellant claims was material in support of its action taken. Appellees brush this objection aside on the ground that the notice of the hearing did not alert the public that this issue was under investigation. However, this proceeding was initiated by appellees. If the Commission was going to grant a "full" hearing, it should have so notified the public. The real purpose of this hearing is revealed in appellees' brief, where this statement is made:

> "The primary concern of the Commission was to determine whether or not its authority was being violated, and the issue of public convenience and necessity obviously does not have any bearing on such a determination."

> As appellant charges, it did not have a "full" hearing on the merits, and thus was deprived of its rights of due process.

"Regulatory commissions have been invested with broad powers within the sphere of duty assigned to them by law. Even in quasi-judicial proceedings their informed and expert judgment exacts and receives a proper deference from courts when it has been reached with due submission to the constitutional restraints. . . . Indeed, much that they do within the realm of administrative discretion is exempt from supervision if those restraints have been obeyed. All the more insistent is the need, when power has been bestowed so freely, that the 'inexorable safeguard' . . . of a fair and open hearing be maintained in its integrity. . . . The right to such a hearing is one of 'the rudiments of fair play' . . . assured to every litigant by the Fourteenth Amendment as a minimal requirement. . . . There can be no compromise on the footing of convenience or expediency, or because of a natural desire to be rid of harassing delay, when that minimal requirement has been neglected or ignored." *Ohio Bell Tel. Co.* v. *Comm'n.* (1937), 301 U. S. 292, 304, 305, 57 S. Ct. 724, 730, 731, 81 L. Ed. 1093, 1101, 1102.

It is to be granted that appellant's petition was unorthodox and unauthorized. However, the Commission had broad powers of its own as to investigations and hearings. After the filing of the petition, it could have initiated a proceeding according to statute and held a formal hearing on the entire matter regardless of the form and contents of the petition. Sections 54-412, 54-413, Burns' Ind. Stat., 1951 Replacement.

These causes are reversed, and the entire matter is remanded to the Commission for further hearing and proceedings not inconsistent with this opinion.

Kelley, C. J., Cooper, P. J., and Ax, Bierly, Gonas, Pfaff and Ryan, JJ., concur.

NOTE.—Reported in 183 N. E. 2d 609.