CITIZENS GAS & COKE UTILITY, ETC., ET AL. *v.*
SLOAN ET AL.

[No. 19,928. Filed February 19, 1964. Rehearing denied April 6,
1964. Motion to reconsider dismissed April 20, 1964.
Transfer denied July 2, 1964. Motion to recon-
sider dismissed August 1, 1964.]

298

*Harry T. Ice, Robert D. Risch, Ross, McCord, Ice & Miller,* of counsel, *Patrick J. Smith, Marvin L.*

*Hackman, James E. Hawes, Jr., James R. McClarnon,* and *Thompson, O'Neal & Smith,* of counsel, all of Indianapolis, for appellants.

*Gustav H. Dongus, Arthur H. Gemmer, Fauvre, Dongus, Ging & Gemmer, Harry T. Latham* and *Key, Latham & Strawbridge,* of Indianapolis, for individual appellees, Robert Sloan and others.

*Edwin K. Steers,* Attorney General, *Marcus Woods,* Deputy Attorney General, and *Fred A. Jewell,* of Worthington, for appellee, Public Service Commission.

MOTE, J.—This action was commenced when appellees, owners of real estate in the Worthington Gas Storage Field in Greene County, Indiana, filed a complaint in the nature of a petition with the Public Service Commission of Indiana.

The complaint named as respondents, appellants herein, the following entities: (1), Citizens Gas & Coke Utility, which is a utility district and instrumentality of the City of Indianapolis, Indiana, (2), seven named individuals joined as members of, and constituting the Board of Directors of Utilities of the City of Indianapolis, and (3), Citizens By-Products Coal Company, a West Virginia corporation which is admitted to do business in Indiana and which is wholly owned by Citizens Gas & Coke Utility.

The appellants moved to dismiss the complaint on the ground, among others, that the Public Service Commission is without jurisdiction "either of the subject matter or the person of any of the respondents", since a municipal utility rather than a public utility is involved herein.

The Commission overruled the motion to dismiss and on July 20, 1962, entered an order stating that the

Commission did have jurisdiction. It based its order on the premise that the allegation that appellants were furnishing gas to inhabitants of Greene County alone was sufficient to give the Commission authority to undertake an investigation.

Appellants petitioned for a rehearing and appellees moved to strike the petition. The Commission overruled both the petition and the motion. Appellants then instituted this proceeding for review and assigned as error, (1), the Commission's overruling of the appellants' motion to dismiss, (2), the assertion of jurisdiction by the Commission, and (3) that the Commission's ruling is contrary to law, all of which are prejudicial to appellants, who also ask this Court permanently to enjoin the enforcement of the order.

A motion to dismiss the action in this Court has been filed by part of the appellees. The contention, asserted in support of dismissal, is that the action is premature since (1) the order complained of is not a final order, and (2) the order, since it is procedural only, does not adversely affect appellants.

Appellants, on the other hand, contend that such an attack may be made at any time, since the issue of jurisdiction is subject to judicial review at any time.

At the outset, therefore, we are faced with the following question: May the jurisdiction of the Public Service Commission of Indiana be challenged in our courts by a party who does not first exhaust his administrative remedies?

Indiana courts have held that the issue of jurisdiction over the subject matter may be raised at any stage of the proceedings. See *Board of Commissioners of the County of Marion* v. *Jewett* (1915), 184 Ind. 63, 110 N. E. 553. The question

of whether judicial relief may be obtained without exhausting administrative remedies is different, however, and has been subject to great diversity of opinion in this country. The United States Supreme Court, in the case of *Petroleum Exploration, Inc.* v. *Public Service Commission* (1938), 304 U. S. 209, 58 S. Ct. 834, 82 L. Ed. 1294, refused to enjoin a hearing of the Kentucky Public Service Commission. The Kentucky Commission had issued an order asserting its jurisdiction over the appellant and ordering the appellant to present evidence at a public hearing and also to make its records available for examination. The injunction was refused, since there was no showing of irreparable injury, other than expense of litigation which was said to be insufficient reason to interfere with the administrative proceedings.

The contrary view was taken in *Public Utilities Commission of Ohio* v. *United Fuel Gas Co.* (1943), 317 U. S. 456, 63 S. Ct. 369, 87 L. Ed. 396. The same issue faced the court; however, exhaustion of administrative remedies was not required and the court decided the case on its merits.

Other cases in the United States Supreme Court are similarly divided. See *Allen* v. *Grand Central Aircraft Co.* (1954), 347 U. S. 535, 74 S. Ct. 745, 98 L. Ed. 933; *Franklin* v. *Jonco Aircraft Corp.* (1953), 346 U. S. 868, 74 S. Ct. 126, 98 L. Ed. 378.

Cases in other states fluctuate as to the requirement of exhaustion of administrative remedies when the jurisdiction of the agency is challenged. Some courts refuse judicial review until all administrative remedies have been exhausted. See *Abelleira et al.* v. *District Court of Appeal* (1941), 17 Cal. 2d 280, 109 P. 2d 942, 132 A. L. R. 715; *United States* v. *Superior Court*

(1941), 19 Cal. 2d 189, 120 P. 2d 26; *Stoddard* v. *Public Utilities Commission* (1941), 137 Me. 320, 19 A. 2d 427; *Brass Rail Restaurant Co.* v. *Pennsylvania Labor Relations Board* (1953), 375 Pa. 213, 100 A. 2d 80. Other cases allow the jurisdiction of the agency to be challenged without exhausting administrative remedies. *St Luke's Hospital* v. *Labor Relations Commission* (1946), 320 Mass. 467, 70 N. E. 2d 10. A few states take a modified approach and allow jurisdiction to be challenged without exhaustion of administrative proceedings if the question is one of law and not of fact. *Idaho Mut. Ben. Ass'n.* v. *Robison* (1944), 65 Idaho 793, 154 P. 2d 156; or if it would appear to be of no avail to pursue the administrative remedies. *Kirn* v. *Noyes* (1941), 262 App. Div. 581, 31 N. Y. S. 2d 90; or if irreparable harm is shown. See *Thomas* v. *Ramberg* (1953), 240 Minn. 1, 60 N. W. 2d 18.

Indiana has held that an assertion of jurisdiction by the Public Service Commission is an initial and integral step in a regulatory scheme and such an order is immediately subject to judicial review. *Boone County Rural Electric Membership Corporation, et al.* v. *Public Service Commission of Indiana* (1958), 129 Ind. App. 175, 155 N. E. 2d 149.

In view of this, we think the application to this Court for judicial review is not premature; therefore, we come to the only other question presented herein.[1]

---

1. We think the Legislature did not intend generally by the enactment of § 54-449, Burns' 1951 Replacement (1963 Supp.), that this Court should serve as a referee in the conduct of hearings before the Public Service Commission. This Court generally will decline jurisdiction of appeals from the Commission unless all administrative remedies before the said Commission are exhausted; however, as here, an order of the Commission in relation to its jurisdiction appears to warrant the recognition of a petition for review.

The complaint before the Public Service Commission alleged, among other things, that since the year 1959, and thereafter, appellant, Citizens Gas & Coke Utility, has drilled twenty-three (23) wells in the Worthington Gas Storage field, hired a research corporation to determine the amount of natural gas in place, represented to appellees and other Green County property owners that said Citizens Gas & Coke Utility would exercise its power of eminent domain as to those owners who would not voluntarily enter into leases; that said utility would render gas service to said Greene County property owners; and that said utility is not subject to Greene County taxes; that Citizens Gas & Coke Utility, directly or otherwise, entered into purported leases with appellees by which the appellant contracted to pay less than the full market value of natural gas in place and to pay an annual lease rental which is also far less than the reasonable market value of the land for gas storage purposes; that said appellant assigned the leases and operation of the Worthington Gas Storage field to appellant, Citizens By-Products Coal Company, a wholly owned subsidiary of appellant, Citizens Gas & Coke Utility; that said appellants furnish gas service to inhabitants of Greene County, Indiana, which is approximately sixty-five (65) miles from the utility district of Citizens Gas & Coke Utility.

The prayer for relief asked the Commission to undertake an investigation of the alleged operations, declare the operations to be in violation of the Public Service Commission Act of Indiana, declare the said leases void, order appellants to cease and desist from said operations, and to institute legal action through the Attorney General's Office for collection of statutory penalties and to grant all other proper relief.

The Commission asserted its jurisdiction in its order which, omitting formal parts, reads as follows:

"Having read and examined the petition, having read and considered briefs filed by counsel, and having heard the oral argument of counsel and being duly advised in the premises, the Commission now finds:

1. That the Motion to Dismiss filed by Respondents, Citizens Gas & Coke Utility et al., of February 21, 1962, states in two of its paragraphs the basis of said motion, and we quote: '2. This Commission does not have jurisdiction of either the subject matter or the person of any of the Respondents. Since Respondents operate as a municipal utility and not as a public utility, this Commission has no jurisdiction or power to conduct the investigation or grant any of the relief requested by Complainants. 3. The complaint of Complainants does not allege facts upon which any of the relief requested by Complainants might property be granted.'

2. That there is no question but that the Commission's jurisdiction over the Respondent, a municipal utility, is not the same as its jurisdiction over a public utility; that the primary statute upon which jurisdiction of the Commission would be determined is 48-7101 et seq., Burns' Indiana Statutes, Annotated; that said Acts do state certain areas in which the Commission would have jurisdiction over Citizens Gas & Coke Utility; that the parties do not cite nor is the Commission able to determine any previous Indiana decisions or any constitutional or legislative provisions with respect to the jurisdiction of the Public Service Commission over extraterritorial service on the part of a municipal utility; and, therefore, this is a matter of first impression in Indiana.

3. That the Motion to Dismiss filed in this cause is in the nature of a demurrer to a complaint; and, therefore, the Commission must accept the allegations set forth in the Complaint of January 30, 1962.

"as true; that among said allegations, we find on Page 6 of the Complaint, Rhetorical Paragraph

"7. (f) Furnished gas service to inhabitants of Greene County'; that this allegation alone, if proven, would give this Commission authority to grant the relief prayed for in Paragraph (a) of the prayer of Complainants, that is, to undertake an investigation; that the Commission need not consider at this time the other questions raised by the pleadings or briefs.

"It is a fundamental principle of law that every Commission of Indiana that the Motion to Dismiss filed by the Respondents in this cause be, and it is hereby denied; that this cause be set down for hearing by the Commission."

Appellant contends that since it is a municipal utility the Public Service Commission has no jurisdiction over it, under any circumstances. The Public Service Commission is a creature of statute and its jurisdiction is derived therefrom. In the case of *Boone County REMC et al.* v. *Public Service Commission, supra,* it was said:

"It is a fundamental principle of law that every administrative agency of the state of Indiana must find the source of its authority in the statute conferring it, and it can only exercise the power conferred in conformity with the statute. See *State Board Tax Comm.* v. *McDaniel* (1928), 199 Ind. 708, 160 N. E. 347; *State ex rel.* v. *Clamme* (1922), (T. D. 1923), 80 Ind. App. 147, 134 N. E. 676.

"Both the Supreme Court and our court have held that the Commission derives its authority from the statutes and possesses only such power as is conferred by statutes. See *Chicago & E. I. R. Co.* v. *Public Service Comm.* (1943), 221 Ind. 592, 49 N. E. 2d 341; *State ex rel.* v. *Vandalia R. Co.* (1915), 183 Ind. 49, 108 N. E. 97; *American Foundry Co.* v. *C. I. & L. R. R. Co.* (1931) (T. D. 1934), 100 Ind. App. 111, 178 N. E. 295."

We must therefore look to the statutes from which the Commission derives its authority. In §54-105,

Burns' 1951 Replacement (1963 Supp.) we find the following:

"Definition of terms—Short title of act.—The term 'public utility' as used in this act shall mean and embrace every corporation, company, individual, association of individuals, their lessees, trustees, or receivers appointed by any court whatsoever, that now or hereafter may own, operate, manage or control any street railway or interurban railway or any plant or equipment within the state for the conveyance of telegraph or telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power, or for the collection, treatment, purification and disposal in a sanitary manner of liquid and solid waste, sewage, night soil and industrial waste, but said term shall not include a municipality that may now or hereafter acquire, own, or operate any of the foregoing facilities.
"...
"The term 'municipality' as used in this act shall mean any city or town of the state of Indiana.
"...
"The term 'municipally owned utility' shall include every utility owned or operated by a municipality."

The Commission is granted authority to conduct investigations and hearings in §54-408, Burns' 1951 Replacement, as follows:

"Complaints—Investigations and hearing.— Upon a complaint made against any public utility by any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten [10] persons, firms, corporations or associations, or ten [10] complainants of all or any of the aforementioned classes, or by any public utility, that any of the rates, tolls, charges or schedules or any joint rate or rates in which such petitioner is directly interested are in any respect unreasonable or unjustly discrimina-

tory, or that any regulation, measurement, practice or act whatsoever affecting or relating to the service of any public utility, or any service in connection therewith, is in any respect unreasonable, unsafe, insufficient or unjustly discriminatory, or that any service is inadequate or can not be obtained, the commission shall proceed, with or without notice, to make such investigation as it may deem necessary or convenient. But no order affecting said rates, tolls, charges, schedules, regulations, measurements, practice or act complained of, shall be entered by the commission without a formal public hearing. [Acts 1913, ch. 76, §57, p. 167.]"

The Commission is empowered to enforce the Public Service Commission Act by §54-714, Burns' 1951 Replacement, which provides:

"Enforcing provisions of act.—The commission shall inquire into any neglect or violation of the laws of this state or the ordinances of any city or town by any public utility doing business therein, or by the officers, agents or employees thereof, or by any person operating the plant of any public utility, and shall have the power, and it shall be its duty, to enforce the provisions of this act, as well as all other laws, relating to public utilities. Any forfeiture or penalty herein provided shall be recovered and suit therein shall be brought in the name of the state of Indiana in the circuit or superior court where the public utility has its principal place of business. Complaint for the collection of any such forfeiture may be made by the commission or any member thereof, and, when so made, the action so commenced shall be prosecuted by the general counsel [Acts 1913, ch. 76, §124, p. 167.]"

Examination of the statutes, above set forth, discloses that municipal utilities, and particularly appellant, a municipal utility of a first class city as in the instant case, are not subject to the general grant of authority to the Public Service

Commission. It is not contested that appellants are within the definition of a municipal utility, or of a municipal utility of a first class city.

Appellees point out, however, that in some instances the Public Service Commission does have jurisdiction over municipal utilities. Certain statutes do require the Commission's formal approval, at least, of municipal utilities' acts. An example of this is rate making. See §48-7103, Burns' 1963 Replacement. We think the two statutes are not necessarily in conflict. Where one statute deals with a subject in general terms, and another statute deals with a part of the same subject in a more detailed manner, the two statutes should be harmonized, if possible. *State ex rel. Davenport* v. *International Harvester Co.* (1940), 216 Ind. 463, 25 N. E. 2d 242. The more detailed statute will prevail, as to the portion of the subject matter that it covers, if there is a conflict. See *New Albany* v. *Lemon* (1925), 198 Ind. 127, 149 N. E. 350. It would seem, therefore, that in those areas specifically set forth by statute the Commission may have jurisdiction; but in areas not specifically set forth, the general statute exempting municipal utilities from Public Service Commission jurisdiction controls.

It may be contended, however, that the appellants, by doing the alleged acts outside their statutory authority and territory lost the status as a municipal utility and, in effect, became a public utility. We feel, however, that we need not decide this proposition.

Our Legislature granted authority to "any person, firm, or corporation authorized to do business in this state and engaged in the business of transporting or distributing gas by means of pipelines into, within or

through this state for ultimate public use, or any municipal corporation so engaged" to condemn subsurface strata or formations in land and necessary rights incident thereto, for constructing, maintaining, drilling, utilizing and operating an underground gas storage reservoir. See Acts of 1959, ch. 5, §2, p. 16; §3-1730, Burns' 1946 Replacement (1963 Supp.). It appears, therefore, that, with one exception, the acts alleged in the petition before the Commission were not without the statutory authority of the appellants, who assert that they come within the statutory grant.

It seems, then, that the only allegation in the petition which could furnish a basis for the contention is that appellants were furnishing gas service to inhabitants of Greene County, since, as to all other allegations, the Commission is clearly without any jurisdiction over appellants.

The Commission held that it had authority to grant the appellees' request in the prayer for relief, due to the said allegation as to gas service. We must disagree with this assertion. The Commission has authority to conduct an investigation, on petition of ten (10) persons, of rates, tolls, charges, schedules, joint rates, or any regulation, measurement, practice or act affecting or relating to the service of any public utility which is in any respect unreasonable, unsafe, insufficient or unjustly discriminatory. See §54-408, *supra*. However, the question involved here is whether or not appellants are operating extraterritorially by furnishing gas service outside the statutory limit, thereby violating the law. The Commission, therefore, has no authority to conduct an investigation on this question on petition by the appellees herein.

The Commission is empowered by §54-714, *supra*,

to enforce the Public Service Commission Act. Perhaps the Commission may have authority to inquire into any violation of the laws of this state and recover any forfeiture or penalty by bringing a suit in the name of the state of Indiana, in the proper circuit or superior court. That question, of course, is not before us and we need not decide it.

It appears that the allegations of the petition and prayer for relief have no proper place in an administrative hearing of this type. Such things as fraud and rescission of contracts are, instead, proper items for the judicial branch of our government.

In our opinion, the petition fails to set forth sufficient ultimate facts to establish jurisdiction in the Public Service Commission.

*Reversed.*

Carson, C. J., Hunter, P. J., Kelley and Ryan, JJ., concur.

Pfaff, J., dissents with opinion.

Cooper and Faulconer, JJ., not participating.

## DISSENTING OPINION.

PFAFF, J.—A mature reflection on the jurisdictional questions involved in this appeal compels me to dissent from the holding of the majority opinion herein.

I am convinced that this appeal is premature for the reason that in my opinion the Public Service Commission has not rendered any final order or determination upon which this attempted appeal for review can be predicated. I am also convinced that under the particular allegations in the appellees' petition relied upon by the Commission and mentioned

in the main opinion, the Commission had and correctly entertained jurisdiction to determine the truth of the appellees' charge that the appellant Utility was furnishing gas to consumers in Greene County, Indiana, without any authority or power so to do. If the said appellant was actually doing and carrying on the furnishing of gas as alleged in the petition, the Public Service Commission, which is charged with the duty of regulating utilities being consumed and used by the general public, may have considered that the appellant was engaged in competition with other public utilities furnishing gas to consumers in that area without control or regulation over the practices, rates, etc., of appellant. I think the Commission has not only the jurisdiction, but an absolute duty to the citizens of this state to investigate such matters and prevent unfair and unregulated competitive practices.

I would remand this cause to the Public Service Commission with instructions for further proceedings not inconsistent with this opinion.

## MOTION TO DISMISS.

MOTE, J.—Although the petition for rehearing filed herein by individual appellees is argumentative, not in proper form and does not comply with the provisions of the Rules of the Supreme Court, particularly Rule 2-22 thereof, instead of dismissing the said motion, we are inclined to and do hereby deny the same, that the said appellees may have an opportunity further to pursue their objections to the decision and opinion rendered herein.

It should be clear that this court by its decision and opinion, other than not requiring exhaustion of administrative remedies in this case alone, before the

Public Service Commission of Indiana, merely declared that the Public Service Commission of Indiana does not have jurisdiction to consider the matters within the framework of the complaint or petition filed with it by said individual appellees, inasmuch as rates, regulations, etc., as set forth in §54-408, Burns' 1951 Replacement, are not involved.

It follows that the said Public Service Commission is not bound by the decision and opinion in any other area or field; hence, the failure to rule on its motion to dismiss the appeal does not appear to be of a prejudicial nature. Therefore, the motion of the Public Service Commission of Indiana for a ruling on its motion to dismiss the appeal is denied, as is also its motion for a rehearing.

Carson, C. J., Hunter, P. J., Kelley and Ryan, JJ., concur.

Pfaff, J., dissents with opinion.

Cooper and Faulconer, JJ., not participating.

### DISSENTING OPINION.

PFAFF, J.—This case (see 196 N. E. 2d 290) again comes before us on a petition for rehearing.

A general conference of the court sitting in banc by a majority vote denied appellees' petition for rehearing with opinion. I again cannot agree with this action taken by the court and hereby voice my dissent for the following reasons:

Judicial review of a Public Service Commission order by the Appellate Court is a statutory action. §54-443 et seq., Burns' 1963 Supp. The statute provides that appeals shall be taken from *final* orders within *30 days*. The statute also provides that the

30-day time limit may be extended if the appellant files a petition for rehearing with the Commission, §54-444, Burns' 1963 Supp., pursuant to Commission rules, §54-446, Burns' 1963 Supp.

In the case before us a complaint was filed with the Commission asking for an investigation of the operations of Citizens Gas and Coke Utility, a municipal utility of the City of Indianapolis, and its foreign subsidiary, Citizens By-Products Coal Company, within Greene County. The complaint alleges that Citizens Gas and Coke Utility is limited by §48-7103, Burns' 1963 Replacement, to operating and furnishing gas within the City of Indianapolis, and within 5 miles beyond in Marion County; that Citizens By-Products Coal Company, as a West Virginia corporation, is prohibited by §54-603, Burns' 1951 Replacement, from operating anywhere in Indiana as a public utility; that both said corporations are engaged in the storage of gas and the furnishing of gas service within Greene County, which is 65 miles outside Marion County and three counties away.

The Commission statute gives the Commission jurisdiction over municipal utilities and only exempts them from its jurisdiction if their operations are confined to the particular municipality and within 6 miles beyond. §54-105, Burns' 1963 Supp.; §§54-602, 54-607, 54-707, Burns' 1951 Replacement; 54-609, Burns' 1963 Supp. The Citizens Gas and Coke Utility statute of creation limits its operations to the City of Indianapolis and 5 miles beyond, and makes its rules and rates subject to the approval of the Commission. §48-7103, Burns' 1963 Replacement. The Underground Storage of Gas acts declare such storage to be a public use. §3-1729 et seq., Burns' 1963 Supp.

In the case before us the only thing which has so far occurred is that appellant filed a motion to dismiss, on which oral argument was heard, after which the Commission denied the motion to dismiss, holding:

"... *said Acts do state certain areas in which the Commission would have jurisdiction over Citizens Gas and Coke Utility;...*.

"... the Motion to Dismiss ... is in the nature of a demurrer to the complaint; and, therefore, *the Commission must accept the allegations* set forth in the Complaint ... *as true;* that among said allegations, we find on Page 6 of the Complaint, Rhetorical Paragraph '7. *(f) Furnished gas service to inhabitants of Greene County'; that this allegation alone, if proven, would give this Commission authority to* ... *undertake an investigation;* ...*.

"... *the Motion to Dismiss* ... *is hereby denied; that this cause be set down for hearing by the Commission.*" (Emphasis supplied.)

It is a factual question whether or not Citizens Gas and Coke Utility has committed acts which exceed its statutory authority and whether or not those acts exceed the exemption portions of the Public Service Commission Act. Those facts can only be determined by the Commission upon hearing held and evidence heard. §54-112, Burns' 1951 Replacement.

No hearing has been held and no evidence has been heard. Since there has been no hearing, there could be no petition for rehearing and appellant could not extend its appeal time by filing one. The order denying the motion to dismiss was entered on July 20, 1962, but appellant did not perfect its appeal until October 26, 1962, which is 98 days later and *68 days too late.*

Section 54-408, Burns' 1951 Replacement, provides as follows:

"Upon a complaint made against any public utility by any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten (10) persons, firms, corporations or associations, or ten (10) complainants of all or any of the aforementioned classes, or by any public utility, that any of the rates, tolls, charges or schedules or any joint rate or rates in which such petitioner is directly interested are in any respect unreasonable or unjustly discriminatory, *or that any* regulation, measurement, *practice or act whatsoever affecting or relating to the service of any public utility, or any service in connection therewith,* is in any respect unreasonable, unsafe, insufficient or unjustly discriminatory, or that any service is inadequate or can not be obtained, *the commission shall proceed, with or without notice, to make such investigation as it may deem necessary or convenient.* But no order affecting said rates, tolls, charges, schedules, regulations, measurements, practice or act, complained of, shall be entered by the commission without a formal public hearing." (Emphasis supplied)

The only action which the Commission has taken is to deny a motion to dismiss. This is an interlocutory and procedural ruling. There has been no final order entered.

The majority opinion questions whether the jurisdiction of the Public Service Commission of Indiana may be challenged in our courts by a party who does not first exhaust his administrative remedies, and in discussing this question cites numerous federal and foreign state authorities. It is my opinion that such authorities cannot be relied upon by this court when the result reached thereby is contrary to a ruling precedent of the Indiana Supreme Court. It is stated in *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 306, 111 N. E. 2d 459:

"Where, as here, an administrative remedy is provided, it must be exhausted before judicial review may be requested. (Cases cited)"

The case before us is simply a case of a premature appeal which does not comply with the statute defining our jurisdiction. The case of *Shank* v. *Federal* Power Commission (5th Cir. 1956), 236 F. 2d 830, 834-835, is exactly in point, the pertinent parts of which read as follows:

". . . petitioner is prematurely seeking a judicial review without having first exhausted its administrative remedy and that by resorting to this Court before the Commission had set the date for hearing and prior to its decision and the issuance of a definitive order in the pending proceedings before it, petitioner is attempting to substitute this Court for the Commission as the tribunal to hear and determine what Congress declared the Commission should hear and determine in the first instance. .... 

". . .

". . . we think it plain these orders are . . . mere procedural steps taken at the inception of and not upon the completion of the administrative process. All that the Commission did in the exercise of its regulatory jurisdiction was to enter preliminary, interlocutory orders which do not bear upon the merits of the controverted fundamental issues which must ultimately be adjudicated by the Commission. .... 

"The petitioner is thus before this Court without a record, without a single established fact or finding, and without evidence, asking us to exercise our power of review when, in fact, there is no 'order' to review. This being the situation, it is plain that petitioner is prematurely seeking review of the Commission's action without having first exhausted the prescribed administrative remedy. Myers v. Bethlehem Shipbuilding Corp., 303 U. S. 41, 50-51, 58 S. Ct. 459, 82 L. Ed. 638. This case thus falls squarely within the well es-

tablished rule which requires that there be no judicial intervention until administrative action has reached its complete development. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U. S. 752, 767, 67 S. Ct. 1483, 91 L. Ed 1796; Union Oil Company v. Federal Power Commission, 5th Cir. 236 F. 2d 816.

" . . . the petition must be and the same is hereby dismissed. See also *Sun Oil Co.* v. *Federal Power Commission* (5th Cir. 1962), 304 F. 2d 290, 292.

In a recent decision of this court it has been specifically held that the Commission has not only the power, but the duty, to investigate and hold a hearing to determine the truth of the matter alleged, regardless of the form and contents of the petition filed. In *New York Central R. R.* v. *Public Serv. Comm.* (1962), 133 Ind. App. 680, 183 N. E. 2d 609, the court had before it the question of whether or not the Commission acted properly in failing to hold a hearing on an unauthorized petition which contained allegations as to the possible violation of a Commission rule. In holding against the Commission that a hearing should have been held on such allegations, this court said, on page 691:

"It is to be granted that appellant's petition was unorthodox and unauthorized. However, *the Commission had broad powers of its own as to investigations and hearings*. After the filing of the petition, it could have initiated a proceeding according to statute and held a formal hearing on the entire matter *regardless of the form and contents of the petition*. Sections 54-412, 54-413, Burns' Ind. Stat., 1951 Replacement." (Emphasis supplied)

In view of the above statutes and authorities, it is my opinion that appellees' motion to dismiss this appeal for lack of jurisdiction should be sustained, or

in any event, the Commission's preliminary order denying appellants' motion to dismiss, and setting the cause for hearing, should be affirmed.

## DISSENTING OPINION.

PFAFF, J.—Again this case comes before us on appellees' joint and several motions asking this Court to reconsider its denial of their respective petitions for rehearing, or in the alternative, for the Court on its own motion to correct its error in assuming jurisdiction of this statutory review proceeding. Appellees call to the Court's attention in said motions that the Court has still failed to rule on Individual Appellees' Motion to Dismiss for Lack of Jurisdiction, filed December 3, 1962. Said still-pending motion to dismiss challenges the Court's jurisdiction to review any order of the Public Service Commission of Indiana which is not a final order by any appeal not taken within thirty days thereof, as required by §54-443, Burns' 1963 Cum. Supp.

By a majority vote of the members present the following entry was made on the 20th of April, 1964: "Motion Dismissed".

I again dissent to the action taken and the entry made. It is my opinion that appellees' motion to reconsider should be sustained, or that the Court should correct its own error by ruling on said motion to dismiss.

The record shows that there has been no hearing held or final order entered by said Commission in the administrative proceeding which is still pending before it. The record also shows that appellants failed to file their appeal within thirty days of the order of which they complain, but instead they attempted to file

their appeal ninety-eight days after the entry of said order. Since there had been no hearing by the Commission, a petition for rehearing did not lie within the terms of §54-444, Burns' 1963 Cum. Supp., and appellants' time for taking their appeal was not extended by the filing of such a motion.

The record shows that individual appellees raised these jurisdictional questions immediately by filing their said motion to dismiss and briefs in support thereof on December 3, 1962. The Court, on February 21, 1963, deferred its ruling on said motion to dismiss until final determination. However, in its decision of February 19, 1964, the majority of this Court reversed the preliminary ruling of said Commission without ruling on said motion to dismiss. This failure to rule on said motion was called to the Court's attention by appellees by their respective petitions for rehearing filed March 9, 1964. In denying said petitions, on April 6, 1964, this Court again failed to rule on said motion to dismiss.

Appellees have again, in their joint and several motions to reconsider or correct, filed April 9, 1964, pointed out the failure of the Court to rule on said motion. I must dissent from the majority's denial of said motions on April 20, 1964, which denial is tantamount to a refusal to rule on said motions.

In this special statutory review proceeding, this Court is a Court whose jurisdiction is limited to the scope of review prescribed by the Legislature in the statute which creates the action and limits the jurisdiction. If an appellant fails to bring its action within the terms of the statute, no jurisdiction is conferred upon the Court other than to dismiss the action for lack of jurisdiction.

In my opinion the Court must rule upon the jurisdictional motion to dismiss, and on the basis of the record in this proceeding, the only ruling that should be made is to sustain said motion and dismiss the action for lack of jurisdiction.

The Court's limited statutory review of orders of the Public Service Commission cannot be enlarged by ignoring either the statute, or motions to dismiss for lack of jurisdiction, or the plain facts which make dismissal mandatory. In ignoring the statute, the motion and the facts, it is my belief that the majority opinion is in error, and since the decision exceeds the Court's jurisdiction, it is further my opinion that the decision is void.

> NOTE.—Reported in 196 N. E. 2d 290. Petition for rehearing denied 197 N. E. 2d 312. Dissenting opinion on motion to reconsider denial of petition for rehearing reported in 197 N. E. 2d 771.