INDIANA CIVIL RIGHTS COMMISSION ET AL. *v.* MERIDIAN HILLS COUNTRY CLUB, INC.

[No. 2-1174A280. Filed November 29, 1976.]

*Theodore L. Sendak,* Attorney General, *Donald P. Bogard,* Assistant Attorney General, *Harold R. Bickham,* Chief Staff Attorney, for appellants.

*William E. Roberts, Jay Robert Larkin, Roberts, Ryder & Rogers,* of Indianapolis, for appellee.

ROBERTSON, C.J.—On July 3, 1972, Bobby Jean Gladney filed a complaint with the Indiana Civil Rights Commission (Commission) charging the appellee, Meridian Hills Country Club, Inc., with discriminatory employment practices. The Commission notified the manager of Meridian Hills of the pending complaint on March 4, 1973. Subsequently, the Commission determined that probable cause to believe that discrimination occurred existed and notified Meridian Hills by letter of its finding on May 21, 1973.

No further action was taken on Gladney's complaint until May 1, 1974, when Meridian Hills filed a motion to dismiss the complaint pending before the Commission. The basis for this motion to dismiss was that Meridian Hills was a not-for-profit corporation organized for the purpose of providing an "exclusive social club" and, therefore, not an "employer" within the meaning of the Indiana Civil Rights Act and, as such, was not subject to the Commission's statutory jurisdiction.

On June 10, 1974, a Commissioner of the Indiana Civil Rights Commission overruled Meridian Hills' motion to dismiss, and a hearing on Gladney's complaint was set for June 20, 1974. On June 11, 1974, Meridian Hills initiated the pending action by filing a complaint with the Marion County Circuit Court for temporary and permanent injunctive relief prohibiting the Civil Rights Commission from taking further action on Gladney's complaint.

In its complaint, Meridian Hills alleged that the Commission's acts were unlawful, arbitrary and capricious, and contrary to its statutory jurisdiction and that irreparable harm would result to Meridian Hills if the Commission was not enjoined from further proceedings. The trial court issued a temporary restraining order on July 11, 1974, restraining the Commission from further action and scheduled a hearing upon the application for the temporary injunction for July 19, 1974. On that day, the Commission filed a motion to dismiss the Meridian Hills' complaint on the ground that the trial court lacked jurisdiction over the proceedings before it. The trial court overruled the Commission's motion to dismiss and proceeded to conduct a consolidated hearing on the request for the temporary and permanent injunctions.

The trial court, after hearing the evidence, issued a permanent injunction on July 19, 1974, against the Commission enjoining it from conducting further proceeding upon Gladney's complaint against Meridian Hills.

The issue raised by the Commission which presents reversible error is whether the trial court erred in assuming jurisdiction in this cause.

Initially, we are faced with the question of determining whether a trial court has equity jurisdiction to enjoin the Indiana Civil Rights Commission from holding a hearing upon a complaint alleging discriminatory practices by an employer in violation of the Indiana Civil Rights Act, IC

1971, 22-9-1-1 *et seq.* (Burns Code Ed.), before the employer has exhausted its administrative remedies.

The declared purpose of the Indiana Civil Rights Act is to prevent discriminatory practices throughout the State. In order to facilitate this public purpose, our Legislature established the Civil Rights Commission to aid in the enforcement and formulation of policies to effectuate the purposes of the Civil Rights Act. The Commission is statutorily empowered to receive complaints alleging discriminatory practices, to conduct investigations concerning these complaints, to hold fact finding hearings, to issue findings of fact after a hearing and to order, when appropriate, that unlawful discriminatory practices be discontinued.

In the area of employment discrimination, the Legislature has expressly determined that certain groups are not considered to be employers and, therefore, are not subject to the provisions contained in the Indiana Civil Rights Act, IC 1971, 22-9-1-3 (h) (Burns Code Ed.) defines "employer" in the following manner:

\* \* \*

"(h) The term "employer" means the state, or any political or civil subdivision thereof, and any person employing six [6] or more persons within the state; except that the term "employer" does not include any not-for-profit corporation or association organized exclusively for fraternal or religious purposes, not any school, educational or charitable religious institution owned or conducted by, or affiliated with, a church or religious institution, nor any exclusively social club, corporation or association that is not organized for profit."

Meridian Hills cogently argues that, since it is an "exclusively social club" falling within an express statutory exemption, the Indiana Civil Rights Commission was without jurisdiction to hear this complaint and, therefore, the trial court properly exercised its equity jurisdiction to prevent the Commission from proceeding in excess of its jurisdiction.

The Commission, in essence, responds that the trial court

prematurely assumed jurisdiction because the Commission had not made a final order and because Meridian Hills had administrative remedies which it failed to exhaust.

Our Supreme Court recently faced a similar question in *State ex rel. Paynter* v. *Marion County Superior Court Room No. 5* (1976), 264 Ind. 345, 344 N.E.2d 846. In *Paynter*, the Indiana Health Facilities Council of the State Board of Health overruled a respondent's motion to dismiss a licensing action and ruled that it had jurisdiction over the subject matter and the respondent. The respondent then filed an action with the appellee requesting that the administrative agency be restrained from further proceedings. The appellee was granted a temporary writ of prohibition, and the agency appealed.

Our Supreme Court in *Paynter* determined that the challenge to the administrative agency's jurisdiction was without merit stating that:

* * *

"Similarly, the Health Facilities Council has jurisdiction over persons possibly operating a health facility and has the power to determine whether such an operation exists.

The question of law presented here is properly defined, then, as whether the particular facility involved falls within the statutory definition. That determination must be left with the agency . . ." (at 849).

The Court went on to state that:

* * *

"An administrative board has a right to determine whether or not the matter to be investigated falls within the purview of its authority and duties to enforce the law, as attempted in this case.

A determination by an administrative board that it has authority to act in a given case may be subjected to judicial review under the Administrative Adjudication Act, as may findings of fact. Ind. Code § 4-22-1-4 (Burns 1974). The respondents have not shown that this remedy at law is inadequate. No Fifth Amendment rights are jeopardized. No savings in the cost or time of litigation have been demonstrated.

The Statute here affords an adequate administrative procedure and review. It is fundamental that no one is entitled to judicial relief until the prescribed administrative remedies have been exhausted. This principle cannot be circumvented by merely asserting that the investigation by the administrative body is groundless. *Myers* v. *Bethlehem Shipbuilding Corporation,* (1938), 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. The intervention of the court below was accordingly improper." (at 851).

The case at bar is similar to the situation presented in *Paynter* in that Meridian Hills challenges the statutory jurisdiction of the Commission. As in *Paynter,* we are of the opinion that the Commission is empowered to determine when an "employer" falls within the statutory definition. Thus, the intervention of the trial court before the Commission had issued a final order or an assertion of jurisdiction and before Meridian Hills had exhausted its administrative remedies was improper.

In its brief, Meridian Hills relies heavily upon Indiana cases holding that the issue of administrative agency jurisdiction may be raised at any stage of the proceedings and is subject to judicial review. *See, Citizens Gas & Coke Utility* v. *Sloan* (1964), 136 Ind. App. 297, 196 N.E.2d 290; *Boone County Rural Electric Membership Corporation et al.* v. *Public Service Commission of Indiana* (1958), 129 Ind. App. 175, 155 N.E.2d 149. An analysis of these cases reveals that judicial review of an agency's jurisdiction was allowed after the agency had issued a formal order expressly asserting its jurisdiction over the subject matter. In those cases, the reviewing court determined that the agency was acting outside the jurisdiction only after the agency had assumed jurisdictional authority.

In the present case, the Civil Rights Commission was properly investigating a filed complaint. While a motion to dismiss attacking the Commission's jurisdiction was overruled, the Commission made no order or determination asserting its jurisdictional authority and was still investigating

the alleged charge when this action was initiated. If the Commission had found, as a result of its evidentiary hearing, that Meridian Hills was an "employer" within the meaning of the statute and was guilty of discriminatory employment practices, Meridian Hills could have pursued its remedies provided by the Administrative Adjudication Act, IC 1971, 4-22-1-1 *et seq.* (Burns Code Ed.).

It is our opinion, the trial court exceeded its jurisdiction in granting the permanent injunction in this case. Accordingly, we reverse the order of the trial court with instructions that the permanent injunction be dissolved and this action be sent back to the Indiana Civil Rights Commission for further proceedings.

Reversed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 357 N.E.2d 5.