## WILKINS ET AL. *v.* LEEDS

[No. 27,298.   Filed February 27, 1940.]

*Henry U. Johnson, II,* of Richmond, for appellants.
*Denver C. Harlan,* of Richmond, for appellee.

FANSLER, J.—The appellee, an interested taxpayer, and a rate payer to the municipally-owned light and power plant of the city of Richmond, brought this action seeking a declaratory judgment to the effect that the depreciation reserve fund of the municipally-owned plant is a public fund which is required to be deposited under the Public Depository Laws of the state, and that there is no power, right, or authority in the public officers to invest such fund in securities, bonds, loans, or other like investments, but that it may be used only as a special utility fund for the purpose of providing funds for the purchase, maintenance, extension, replacement, and repair of the municipal plant. There was an answer in general denial, and judgment as prayed.

By appropriate assignment of error, the appellants question the correctness of the judgment.

The appellants concede that if municipally-owned and operated utilities do not have the right to invest

their depreciation reserve fund in securities, bonds, or loans, or otherwise than for maintenance, extensions, and replacements, then, and in that event, such funds are public funds and subject to the provision of the Public Depository Law. See *Storen, Treasurer,* v. *Sexton, Treasurer, et al.* (1936), 209 Ind. 589, 200 N. E. 251, 104 A. L. R. 1359.

Section 1 of chapter 76 of the Public Utilities Law of 1913 (Acts 1913, p. 167, § 54-105 et seq., Burns' 1933, § 13905 et seq., Baldwin's 1934) defines the term "public utility," as used in the act, as including every city or town, "that now or hereafter may own, operate, manage or control any street railway or interurban railway or any plant or equipment within the state for the conveyance of telegraph or telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power, or for the furnishing of elevator or warehouse service either directly or indirectly to or for the public." Section 22 of the act of 1913, *supra,* provides that every "public utility" shall maintain a reserve for depreciation. Section 25 of the act, as amended by section 2 of chapter 64 of the Acts of 1925 (Acts 1925, p. 210), provides that the depreciation reserve shall be carried in a separate fund, and that: "Any balance in the fund, not applied to depreciation expenses, may be invested by the public utility . . . ." It is upon this last provision that the appellants rely for authority to invest. Chapter 190 of the Acts of 1933 (Acts 1933, p. 928) amends section 1 of the act of 1913 by changing the definition of the term "public utility" so as to exclude municipally-owned plants. There are other sections in the act of 1933 providing for the regulation and operation of municipally-owned utilities, and, by section 16, it is provided that: "Such governing body

shall set aside sufficient of the remainder of the earnings of such utility into a separate and special fund to be identified as the special utility fund, to be used and applied in the maintenance, extension, replacement, in whole or in part, repair and operation of such utility." This provision seems to amply cover the purposes of a reserve for depreciation. It cannot be doubted that the Legislature intended by the act of 1933 to take municipally-owned plants out of the general public utilities statute.

The appellants contend that, since, under Article 4, § 21, of the Constitution of Indiana, no act or section thereof may be revised or amended unless the act or section shall be set forth and published at full length, the act of 1933 cannot have the effect of amending section 25 of the act of 1913 as amended by section 2 of the act of 1925, and, since this is the section which authorizes the investment of the depreciation fund, it is not amended, but is still in effect.

The act of 1933 does not expressly amend section 25 of the act of 1913 (as amended). That section provides that every "public utility" may invest its depreciation reserve fund. There is no change in that section. Every "public utility" is still controlled by it, and it is in nowise amended by the act of 1933. But to determine whether an agency serving the public is a "public utility," recourse must be had to section 1 of the act, in which the terms used throughout the act are defined. By the amendment to section 1, the term "public utility" was redefined so as to exclude municipally-owned plants. The section is unchanged and still applies to every "public utility," but a municipally-owned plant is no longer a "public utility" within the meaning of the act. The operation and effect of a statutory provision may be changed without specific amend-

ment. There are many statutes which provide that proceedings thereunder shall be governed by the rules of civil procedure, and such statutes are affected in their operation by amendments to the procedure statutes, but it is not necessary that each of the affected provisions shall be set forth and published at full length. There is no amendment of the affected statutes. There is merely a change in the class upon which they operate. See *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313.

The trial court correctly concluded that section 25 of the act of 1913 (as amended) no longer authorizes the depreciation reserve funds of municipally-owned utilities to be invested in securities. No other authority for such investment is suggested, and it was correctly concluded that they must be deposited as other public funds, subject to the uses authorized by section 16 of the act of 1933.

Judgment affirmed.

Note—Reported in 25 N. E. (2d) 442.