## MEYERS ET AL. *v.* EVANSVILLE WATER WORKS DEPT.

[No. 369A49. Filed August 13, 1970. Rehearing denied
September 28, 1970.]

*F. Wendell Lensing,* of Evansville, for appellants.

*Robert S. Matthews, Ronald Warrum, Jerry P. Baugh, Toby D. Shaw,* of Evansville, for appellee.

HOFFMAN, P.J.—This is an appeal from the order of the Public Service Commission of Indiana dismissing appellants' petition and amended petition for want of jurisdiction.

The facts as disclosed by the record before us are as follows:

Appellants are all developers, owners and subdividers of real estate within an area served exclusively by appellee-Evansville, Indiana, Water Works Department. On January 22, 1968, the Board of Trustees of appellee abolished "Rule 29" water main extension contracts. "Rule 29" contracts allowed parties in appellants' position to recover the cost of water main extension from those who purchased the land that the water mains served.

On March 15, 1968, petitioners-appellants filed a petition with the Public Service Commission alleging that the action of the Board of Trustees was not approved by the Commission. Appellants also alleged that the Board of Trustees had discriminated against them by contracting with various other parties to allow recovery as was allowed under Rule 29 contracts while refusing to do so with them. In their petition filed with the Public Service Commission appellants asked that appellee be ordered to submit its purported changes to the Commission. Appellants also requested an investigation by the Commission with regard to costs of extensions and recovery of such costs, and that, after due notice, a hearing be held to consider the questions of the Commission's approval of the purported changes.

On March 28, 1968, appellee filed a motion to dismiss for want of jurisdiction with the Public Service Commission which, after oral argument, was sustained.

On July 22, 1968, appellants amended their original petition by interlineation requesting that the Commission investigate the purported rule change, the rates charged appellants for the service of extending water mains and that after such investigation the Commission hold a hearing, upon due notice,

upon the question of the reasonableness and justness of such rates, whether such rates are discriminatory, and whether the Commission should approve the purported rule change.

On July 29, 1968, appellee filed its motion to dismiss the amended petition and that the proceeding be dismissed for want of jurisdiction.

On February 21, 1969, the Public Service Commission of Indiana entered its decision and order sustaining respondent-appellee's motions to dismiss, and dismissing the petition and amended petition for want of jurisdiction.

Appellants' sole assignment of error is that the decision, ruling or order of the Public Service Commission is contrary to law. To sustain this contention appellants, in their brief, set out five points which are as follows:

### "POINT I.

"A 'municipally owned utility' is not excluded from the definition of a 'public utility' contained in the Public Service Commission Act (Volume 10, Part 2, Burns Indiana Statutes Annotated, Title 54, 1951 Replacement) and, therefore, the Public Service Commission of Indiana has jurisdiction in this cause over appellee.

### "POINT II.

"The intent of the legislature by the 1933 Amendment, Burns Indiana Statutes 54-105, was to make clear the jurisdiction of the Public Service Commission of Indiana over a quasi-corporate agent municipally owned utility, an agent of the municipality-owner, while exempting from the jurisdiction of the Public Service Commission of Indiana the municipalities themselves.

### "POINT III.

"The Public Service Commission has jurisdiction under the Public Service Commission Act in the matter of discriminatory, unreasonable, or unjust charges for services and facilities, and had jurisdiction in this cause.

### "POINT IV.

"The approval of the Public Service Commission of proposed rule changes by appellee is required by the provi-

sions of Burns Indiana Statutes Annotated, Section 48-5404 (5).

## "POINT V.

"The Public Service Commission had jurisdiction of appellants' Petition under its authority to fix rates to be charged appellee's patrons for service."

The issue presented by this appeal is whether, under the applicable statutes, the Public Service Commission had jurisdiction over the subject-matter set out in appellants' petition and amended petition.

This court in *Citizens Gas and Coke Utility* v. *Sloan*, 136 Ind. App. 297, at 305, 196 N. E. 2d 290, at 294 (1964), (Transfer denied), quoted the earlier case of *Boone Co. REMC, et al.* v. *Pub. Serv. Com.*, 129 Ind. App. 175, at 186-187, 155 N. E. 2d 149, at 155 (1958), as follows:

> "It is a fundamental principle of law that every administrative agency of the state of Indiana must find the source of its authority in the statute conferring it, and it can only exercise the power conferred in conformity with the statute. (Citing cases.)
> "Both the Supreme Court and our court have held that the Commission derives its authority from the statutes and possesses only such power as is conferred by statutes." (Citing cases.)
> Thus, unless jurisdiction is conferred upon the Public Service Commission by the applicable statutes, the Commission is without jurisdiction.

In support of their contention that the Commission has jurisdiction to act on their petition, appellants cite *City of Logansport* v. *Public Service Comm.*, 202 Ind. 523, 177 N. E. 249, 76 A.L.R. 838 (1931). However, that case was decided prior to the 1933 amendment which has considerable effect on the issue here involved. Appellants do recognize the existence of three Indiana cases which have interpreted the applicable statutes since the 1933 amendment, *Wilkins* v. *Leeds*, 216 Ind. 508, 25 N. E. 2d 442 (1940) ; *City of Crown Point,*

*etc.* v. *Henderlong, et al.,* 137 Ind. App. 662, 206 N. E. 2d 890 (1965), (Transfer denied) ; *Citizens Gas and Coke Utility* v. *Sloan, supra.*

Appellants urge, however, that we ignore precedent, the doctrine of *stare decisis,* and accept their interpretation rather than those opinions which they assert are "arbitrarily stated" and "without supporting reasoning."

Acts 1957, ch. 313, § 1, p. 913, Ind. Stat. Anno., § 54-105, Burns' 1969 Cum. Supp., in pertinent part, is as follows:

> "The term 'public utility' as used in this act shall mean and embrace every corporation, company, individual, association of individuals, their lessees, trustees, or receivers appointed by any court whatsoever, * * * but said term shall not include a municipality that may now or hereafter acquire, own, or operate any of the foregoing facilities.
>
> * * *
>
> "The term 'municipal council' as used in this act shall mean and embrace the common council, the board of trustees, or any other governing body of any town or city in the state of Indiana wherein the property of the public utility or any part thereof is located.
>
> "The term 'municipality' as used in this act shall mean any city or town of the state of Indiana.
>
> "The term 'rate' as used in this act shall mean and include every individual or joint rate, fare, toll, charge, rental or other compensation of any utility or any two [2] or more such individual or joint rates, fares, tolls, charges, rentals or other compensation of any utility or any schedule or tariff thereof, *but nothing in this paragraph shall give the commission any control, jurisdiction or authority over the rate charged by a municipally owned utility except as in this act expressly provided.*
>
> "The term 'service' is used in this act in its broadest and most inclusive sense and includes not only the use or accommodation afforded consumers or patrons but also any product or commodity furnished by any public or other utility and the plant, equipment, apparatus, appliances, property and facility employed by any public or other utility in performing any service or in furnishing any product or commodity and devoted to the purposes in which such public or other utility is engaged and to the use and accommodation of the public.

"The term 'commission' used in this act shall mean the public service commission of Indiana hereby created.

* * *

"The term 'municipally owned utility' shall include every utility owned or operated by a municipality. * * *." (Emphasis supplied.)

Appellants' Points I and II center around this section of the Public Service Commission Act. In spite of the fact that the statute specifically excludes a utility owned or operated by a municipality from the definition of "public utility" and then defines a "municipally owned utility", as every utility owned or operated by a municipality, appellants contend that public utility includes a municipally owned utility. This argument is blantently without merit and was decided no later than 1940 when our Supreme Court in *Wilkins* v. *Leeds, supra,* 216 Ind. 508, at 511, 25 N. E. 2d 442, at 444 (1940), stated:

"But to determine whether an agency serving the public is a 'public utility', recourse must be had to section 1 of the act, in which the terms used throughout the act are defined. By the amendment to section 1, the term 'public utility' was redefined so as to exclude municipally-owned plants. The section is unchanged and still applies to every 'public utility', *but a municipally-owned plant is no longer a 'public utility'* within the meaning of the act." (Emphasis supplied.)

Without deciding, we will assume that appellants are correct in making the distinction under Point II between a quasi-corporate agent municipally-owned utility and the municipalities themselves. To accept the reasoning and explanation of the intent of the Legislature urged by appellants would completely nullify the 1933 amendment. We are of the opinion the Legislature did not intend to amend the Act and at the same time leave it as it was. Speaking of the Act, after the 1933 amendment, this court in *Citizens Gas and Coke Utility* v. *Sloan, supra,* at 307-308 of 136 Ind. App., at 295 of 196 N. E. 2d, stated:

"[M]unicipal utilities, and particularly appellant, a municipal utility of a first class city as in the instant case, are not subject to the general grant of authority to the Public Service Commission."

Appellants' Point IV is based on Acts 1957, ch. 251, § 1, p. 575, Ind. Stat. Anno., § 48-5404, Burns' 1963 Repl., which, in pertinent part, is as follows:

"The board of trustees of the water-works department shall have the exclusive government, management, regulation and control of all water-works plants, distribution systems, reservoirs, mains, hydrants and all other works, appurtenances or property owned, or which may hereafter be owned, by such city for use by, or in connection with, its municipal water-works, and such board shall be charged with the duty of all construction, control, maintenance and operation of such water-works and shall have all necessary power to purchase, construct, maintain, operate and repair such water-works, including distribution and storage systems. In connection with the duties devolving upon such board as aforesaid, it shall have full power as follows:

\* \* \*

"5. To fix the rates to be charged for water or other services furnished by such department, to collect the same, and to establish and enforce rules governing the furnishing of such water, or other services and the payment therefor: Provided, however, That all such rates, rules and *regulations shall be subject to the approval of the public service commission or such other regulatory body having jurisdiction over such matters as may be provided by law, if any.*" (Emphasis supplied.)

This section clearly states that the approval of the Commission is required for rule changes. However, the section also clearly states that it only applies when the Commission or such other regulatory body has jurisdiction, *if any*. This section does not confer jurisdiction on the Commission or any other administrative body but simply gives them approval power if they obtain their jurisdiction in another section. Consequently, this section is not determinative of the issue in this appeal.

Appellants' Point V is not novel, it was raised by appellees in *City of Crown Point, etc.* v. *Henderlong, et al., supra.* In answer to the alleged conclusion that the "power to fix charges to be made for extensions of mains" is included within the power of the Commission to fix "rates to be charged for service", this court at 674 of 137 Ind. App., at 896-897 of 206 N. E. 2d, stated:

> "The last above mentioned conclusion or proposal advanced by appellees was definitely dispelled by the holding of this Court in *Citizens Gas & Coke Utility, etc.* v. *Sloan et al.* (1964), 136 Ind. App. 326, 196 N. E. 2d 290 (transfer denied). In that case the Court, after an examination of § 54-105, Burns' Repl. (1963 Supp.), § 54-408 and § 54-714, Burns' 1951 Repl., declared that:
>
> ' . . . municipal utilities, . . . are not subject to the general grant of authority to the Public Service Commission. . . . ' "

Appellants' Point III would, at least on the surface, appear to have the most merit. This conclusion is based upon two statutes, the first of which, Acts 1961, ch. 31, § 1, p. 59, Ind. Stat. Anno., § 54-609, Burns' 1969 Cum. Supp., in pertinent part, is as follows:

> "Every municipality owning or operating a utility under this act is required to furnish reasonably adequate services and facilities. The charge made by any such municipality for any service rendered or to be rendered, either directly or in connection therewith, shall be nondiscriminatory, reasonable and just, and every discriminatory, unjust or unreasonable charge for such public service is prohibited and declared unlawful. * * * ."

The enforcing provision of the Act, Acts 1913, ch. 76, § 124, p. 167, Ind. Stat. Anno., § 54-714, Burns' 1963 Repl., is as follows:

> "The commission shall inquire into any neglect or violation of the laws of this state or the ordinances of any city or town by any *public utility* doing business therein, or by the officers, agents or employees thereof, or by any person

operating the plant of any *public utility,* and shall have the power, and it shall be its duty, to enforce the provisions of this act, as well as all other laws, *relating to public utilities.* Any forfeiture or penalty herein provided shall be recovered and suit therein shall be brought in the name of the state of Indiana in the circuit or superior court where the public utility has its principal place of business. Complaint for the collection of any such forfeiture may be made by the commission or any member thereof, and, when so made, the action so commenced shall be prosecuted by the general counsel." (Emphasis supplied.)

Based upon these statutes, appellants argue that the Commission has jurisdiction in the matter of discriminatory, unreasonable, or unjust charges for services and facilities, and has jurisdiction in the instant case. If appellants' contention were correct, one need only allege unreasonable or discriminatory rates or charges for services and facilities in order to invoke the jurisdiction of the Commission over a municipal utility. This would be in direct conflict with the general intent expressed throughout the Act, *i.e.,* limit the jurisdiction of the Commission over municipal utilities.

When jurisdiction is given to the Commission it is made explicitly clear. For example, Acts 1967, ch. 196, § 1, p. 421, Ind. Stat. Anno., § 54-613, Burns' 1969 Cum. Supp., provides, in part, as follows:

"Municipal operation—Board of works—Utility service board—Ordinance establishing—Manager—Employees—Annual budget—Supervision and jurisdiction over utility—Removing from jurisdiction of commission.—

\* \* \*

"Provided further, That any municipality now owning or operating a utility *shall be subject to the jurisdiction of the commission for the purpose of fixing rates to be charged the patrons of such utility for service, and for such purpose said commission is given jurisdiction to proceed in the same manner and with like power as is provided by this act in the case of public utilities:* Provided further, That whenever a petition is presented to the municipal council of any

such municipality signed by five per cent [5%] of the voters of such municipality, as determined by the total votes cast for all candidates for municipal clerk at the last preceding municipal election therein, praying that said municipally owned utility be taken out of the jurisdiction of said commission for rate making purposes, said municipal council shall at the next election in such municipality submit such question to the voters thereof on a separate ballot provided therefor, and if a majority of the voters voting thereon shall vote in favor of taking such municipally owned utility out of the jurisdiction of said commission, then such municipally owned utility shall no longer be under the jurisdiction of said commission for rate making purposes as above provided." (Emphasis supplied.)

It is noteworthy that even where the Commission has been granted jurisdiction over a municipal utility as in § 54-613, *supra,* the voters of the municipality may, by voting, remove the jurisdiction of the Commission.

The fact that appellants' allegations do not invoke the jurisdiction of the Commission does not mean that they are without a remedy if appellee has acted unreasonably or in a discriminatory manner. *Warren* v. *Indiana Telephone Co.,* 217 Ind. 93, 26 N. E. 2d 399 (1940).

Appellants' petition and amended petition do not bring them within the statutorily granted jurisdiction of the Public Service Commission.

For the reasons hereinabove stated, the order of the Public Service Commission dismissing appellants' petition and amended petition for want of jurisdiction is affirmed.

Order of the Public Service Commission of Indiana affirmed.

Pfaff, Sharp and White, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 88.