**CITIES & TOWNS OF ANDERSON et al.,**

v.

**PUBLIC SERVICE COMM. OF IND. et al.**

No. 2–277A51.

Court of Appeals of Indiana, Second District.

Dec. 10, 1979.

Paul Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for appellants.

Fred E. Schlegel, Baker & Daniels, Indianapolis, for appellees, Indianapolis Water Co. and Indiana Chapter of Water Utilities Rules and Standards Revision Committee of National Ass'n of Water Companies.

Joe N. Van Valer, Greenwood, for appellee, Home Builders Ass'n of Indiana.

H. Kent Howard, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for appellees, Muncie Water Works Corp., Richmond Water Co., Inc., Terre Haute Water Works Corp.

Wilson E. Shoup, Angola, for appellee, City of Angola.

William N. Salin, Fort Wayne, for appellee, City of Fort Wayne.

William F. Welch, McHale, Cook & Welch, Indianapolis, for appellees, Gary-Hobart Water Corp., Indiana Cities Water Corp., Water Utilities, Inc.

John Littler, Albany, pro se for appellee, City of Albany.

Frank J. Biddinger, Indianapolis, Theodore L. Sendak, Atty. Gen., Stephen L. Lucas, Deputy Atty. Gen., Indianapolis, for appellees, Public Service Commission of Indiana and Larry J. Wallace, William B. Powers and James M. Plaskett, as Members of the Public Service Commission of Indiana.

James L. McCaslin, Elkhart, for appellee, City of Elkhart.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Cities and Towns of Anderson, Lawrenceburg, Tipton, Greendale and Valparaiso (Cities and Towns) appeal from the Public Service Commission's (Commission) denial of a Motion to Dismiss all municipal water works from a rule promulgation hearing, claiming that the Commission has no jurisdiction to issue rules and regulations governing the operation of municipal utilities.

We reverse.

## FACTS

The facts are undisputed:

On November 24, 1976, the Commission issued an order setting a promulgation hearing for "rules and regulations of service for water utilities of Indiana." These rules set forth specific requirements in such matters as: testing, type and location of water meters; cash deposits, billing and refunds to customers for water service; procedures for both voluntary and involuntary disconnection, as well as re-connection of service; procedures for dealing with and keeping records of customer complaints; and extension of water distribution mains.

The promulgation hearing was set for January 10, 1977. Thereafter petitions to intervene were filed by numerous private and public water companies and industry associations. Appearances were entered for appellants Anderson, Tipton, Lawrenceburg and Greendale. Those four appellants moved to dismiss the proceedings as to municipal water utilities, but this motion was denied on February 3, 1977, by Deputy Commissioner Ellen R. Dugan.

The City of Valparaiso entered its appearance on February 7, and thereafter all

of the appellants appealed the denial of the motion to dismiss to the full Commission. That motion was denied by the full Commission on February 11. It is from that denial that Cities and Towns appeal.

## ISSUE

Only a single issue is presented:

Does the Commission have jurisdiction to issue rules and regulations extensively governing various phases of the operation of municipal water utilities?

*PARTIES' CONTENTIONS*—Cities and Towns contend that the Commission has only explicit powers granted to it by statute, and that no statute gives it the broad power to issue rules and regulations to control municipal water utilities.

The Commission admits that no specific provision gives it the jurisdiction necessary for these rules, but maintains that, when construed together, several provisions found in Title 8 and Title 19 of the Indiana Code give the Commission jurisdiction to issue the rules.

## DECISION

*CONCLUSION*—The Commission does not have jurisdiction to issue the rules set forth in its order of November 24, 1976, insofar as they govern the operation of municipal water utilities.

■ Being a creature of statute, the Public Service Commission can exercise only such power as the legislature delegates to it. *City of Crown Point v. Henderlong Lumber Company* (1965), 137 Ind.App. 662, 206 N.E.2d 890; *American Vitrified Prod. Co. v. Public Service Commission* (1961), Ind.App., 176 N.E.2d 145. The Commission's power of authority is derived solely from statute, *Citizens Gas & Coke Utility v. Sloan* (1964), 136 Ind.App. 297, 196 N.E.2d 290; *American Vitrified Prod. Co. v. Public Service Commission, supra*, and it cannot resort to common law for authority to act. *Town of Merrillville v. Bloomington Gardens Utilities Co.* (1976), Ind.App., 351 N.E.2d 914. Unless a grant of power can be found, it must be concluded that there is

none. *Indiana Telephone Corp. v. Indiana Bell Telephone Co.* (1976), Ind.App., 358 N.E.2d 218, modified at 360 N.E.2d 610; *American Vitrified Prod. Co. v. Public Service Commission, supra; General Telephone Company of Indiana v. Public Service Commission* (1959), 238 Ind. 646, 154 N.E.2d 372.

The claimed source of its statutory authority to issue the rules in question is stated in the Commission's order of November 24, 1976:

The Commission, having under consideration the matter of the adoption and promulgation of revised rules, regulations and standards of service for water utilities operating within the State of Indiana pursuant to IC 1971, 8–1–2–1 to 8–1–2–120, IC 1971, 8–1–1–1 to 8–1–1–13 and IC 1971, 4–22–2–1 to 4–22–2–11, is of the opinion and now finds that the revised rules, regulations and standards of service for water utilities within the State of Indiana . . . should be promulgated and adopted.

The Commission further *finds that it may have sufficient statutory authority pursuant to* IC 1971, 19–3–6.5–1 et seq., 19–3–10–1 et seq., 19–3–15–1 et seq., 19–3–25–1 et seq., 19–3–26–1 et seq., 19–3–32–1 et seq., 19–3–34–1 et seq., in connection with IC 1971, 8–1–2–120, to exercise jurisdiction over municipal water utilities' rules and regulations. (emphasis supplied)

Implicit in the words "that it *may* have sufficient statutory authority pursuant to . . . ." is an expression of doubt. The doubt is well founded.

In the past the Commission has not fared well in its attempts to assert authority over municipal utilities beyond specific statutory mandates.

In *Citizens Gas & Coke Utility v. Sloan, supra*, a group of land owners in Greene County petitioned the Commission to investigate the operation of Citizens Gas. A motion to dismiss for lack of jurisdiction was overruled by the Commission, but reversed on appeal. Relying upon Burns §§ 54–408, 54–714, and 54–105 [Ind.Code (1976), 8–1–2–54, 8–1–2–115, and 8–1–2–1],

the court held that municipal utilities were not subject to the general grant of authority to the Public Service Commission;[1] only in those areas in which specific statutory power was granted did the Commission have jurisdiction.

The Commission was equally unsuccessful in attempting to go beyond the specific words of the statute in *American Vitrified Prod. Co. v. Public Service Commission, supra.* In approving rates for a municipal electric utility, the Commission attempted to order that rates be effective for an "experimental period" of twelve months, reserving to itself the right to issue further orders as it deemed necessary without further hearings. This order was reversed. The Appellate Court recognized that while the order may have been one of convenience and expediency, it was completely outside the statutory powers granted the Commission.

More specifically on point are the cases involving the Commission's attempt to assert authority over municipally owned water utilities. The leading case is *Meyers v. Evansville Water Works Department* (1970), 147 Ind.App. 372, 261 N.E.2d 88.

The Evansville Water Works Department had abandoned its own rule allowing developers to recover the cost of water main extensions from those who purchased the land. Several developers petitioned the Commission for relief, however the Commission dismissed the petition for lack of jurisdiction. The dismissal was affirmed on appeal.

The court made clear its determination that the power of the Commission over municipal water utilities was limited; specifically, it stated that municipal utilities were not subject to the general grant of authority to the Commission. In interpreting

1. General powers of the Commission are set forth in the following provisions:

Ind.Code 8–1–2–1. The term "public utility" as used in this act shall mean and embrace every corporation, company, individual, association of individuals, their lessees, trustees, or receivers appointed by any court whatsoever, that now or hereafter may own, operate, manage or control any street railway or interurban railway or any plant or equipment within the state for the conveyance of telegraph or telephone messages, or for the production, transmission, delivery or furnishing of heat, light, water or power, or for the collection, treatment, purification and disposal in a sanitary manner of liquid and solid waste, sewage, night soil and industrial waste, *but said term shall not include a municipality that may now or hereafter acquire, own, or operate any of the foregoing facilities.*

.  .  .  .  .

The term "municipality" as used in this act shall mean any city or town of the state of Indiana. (emphasis supplied)

Ind.Code 8–1–2–54. *Upon a complaint made against any public utility* by any mercantile, agricultural or manufacturing society or by any body politic or municipal organization or by ten (10) persons, firms, corporations or associations, or ten (10) complainants of all or any of the aforementioned classes, or by any public utility, that any of the rates, tolls, charges or schedules or any joint rate or rates in which such petitioner is directly interested are in any respect unreasonable or unjustly discriminatory, or that any regulation, measurement, practice or act whatsoev-

er affecting or relating to the service of any public utility, or any service in connection therewith, is in any respect unreasonable, unsafe, insufficient or unjustly discriminatory, or that any service is inadequate or can not be obtained, the commission shall proceed, with or without notice, to make such investigation as it may deem necessary or convenient. But no order affecting said rates, tolls, charges, schedules, regulations, measurements, practice or act, complained of, shall be entered by the commission without a formal public hearing. (emphasis supplied)

Ind.Code 8–1–2–115. The commission shall inquire into any neglect or violation of the laws of this state or the ordinances of any city or town *by any public utility doing business therein, or by the officers, agents or employees thereof, or by any person operating the plant of any public utility*, and shall have the power, and it shall be its duty, to enforce the provisions of this act, as well as all other laws, relating to public utilities. Any forfeiture or penalty herein provided shall be recovered and suit therein shall be brought in the name of the state of Indiana in the circuit or superior court where the public utility has its principal place of business. Complaint for the collection of any such forfeiture may be made by the commission or any member thereof, and, when so made, the action so commenced shall be prosecuted by the general counsel. (emphasis supplied)

*See Citizens Gas and Coke Utility v. Sloan, supra.*

Burns § 48–5404 [Ind.Code (1976), 19–3–25–3], Judge Hoffman observed:

"5. [The board has the power] To fix the rates to be charged for water or other services furnished by such department, to collect the same, and to establish and enforce rules governing the furnishing of such water, or other services and the payment therefor: Provided, however, That all such rates, rules and *regulations shall be subject to the approval of the public service commission or such other regulatory body having jurisdiction over such matters as may be provided by law, if any.*"

This section clearly states that the approval of the Commission is required for rule changes. However, the section also clearly states that it only applies when the Commission or such other regulatory body has jurisdiction, *if any.* This section does not confer jurisdiction on the Commission or any other administrative body but simply gives them approval power if they obtain their jurisdiction in another section. (original emphasis)

147 Ind.App. at 378, 261 N.E.2d at 93.

The opinion goes on to describe the intent of the legislature in dealing with the Commission and municipal utilities:

If appellants' contention were correct, one need only allege unreasonable or discriminatory rates or charges for services and facilities in order to invoke the jurisdiction of the Commission over a municipal utility. This would be in direct conflict with the general intent expressed throughout the Act, i. e., limit the jurisdiction of the Commission over municipal utilities.

When jurisdiction is given to the Commission it is made explicitly clear. For example, . . . Ind.Stat.Anno., § 54–613, Burns' 1969 Cum.Supp. [Ind.Code (1976) 8–1–2–100]

· · · · ·

It is noteworthy that even where the Commission has been granted jurisdiction over a municipal utility as in § 54–613,

*supra*, the voters of the municipality may, by voting, remove the jurisdiction of the Commission.

147 Ind.App. at 380–81, 261 N.E.2d at 94.

In *City of Crown Point v. Henderlong Lumber Company, supra,* the appellate court held that the Commission did not have jurisdiction over the policies of a fifth class city as to water main extensions and the charges imposed for such extensions. The court found the Commission's power to "fix rates" for municipal water works in a fifth class city did not carry with it the power to fix charges for extensions of water mains. Again it was emphasized that municipal utilities are not subject to the general grant of authority to the Commission.

This line of cases conclusively establishes two things: First, municipal utilities are not subject to the general grant of authority to the Commission. Second, those statutory provisions granting the Commission certain powers over municipal utilities are strictly construed. No offering by the Commission persuades us that these cases should be overruled.

None of the 289 statutory provisions cited to this court in the Commission's eleven page argument section of its brief give it the power which it seeks.

It would be somewhat like cleaning the Aegean stables to attempt a point by point discussion of the 289 statutory provisions on which the Commission relies; instead we will survey the most relevant provisions.

· Ind.Code 19–3–6.5–1 et seq.

This provision applies only to certain second class cities (according to the 1970 census, only Evansville). It gives the municipality's water department power to fix rates for services and to establish and enforce rules governing the furnishing of water service. These rates and rules are "subject to the approval of the public service commission or such other regulatory body having jurisdiction over such matters."[2]

---

2. Ind.Code 19–3–6.5–3(j) states in its entirety:

(j) The department may fix the rates to be charged for water or other services furnished

by the department, collect the charges and establish and enforce rules governing the furnishing of water, or other services and their

This provision was interpreted in *Meyers v. Evansville Water Works Department, supra,* not to confer any jurisdiction upon the Commission, but rather to make such rates and rules subject to any commission jurisdiction granted by some other statute.[3] As indicated, we see no reason to overrule this case and the cases on which it relies.

Ind.Code 19–3–10–1 et seq.

This provision applies to all municipalities, and deals primarily with the acquisition of water works by municipalities, and their financing and operation. The act provides that while bonds authorized by the act remain outstanding, the management of the water works plant may be placed in the hands of a board of trustees. This board, "subject to the jurisdiction of the public service commission of Indiana,"[4] has the power to make rules and regulations governing the furnishing of water service to customers.

This is similar to the provision interpreted in *Meyers.* It provides that local rule making is subject to any jurisdiction which may be given to the Commission, but the provision itself as such does not give any jurisdiction or power to the Commission.

This interpretation is supported by reading that provision (Ind.Code 19–3–10–16) with the provision which follows.

Ind.Code 19–3–10–17 gives the Commission specific powers—that is, no city or town can enter a contract for purchase of any water works or issue bonds for such purpose without the approval of the Commission. This is a provision which *grants* a specific power to the Commission. The act sets out the procedure for obtaining the Commission's approval, but if such approval is not given, an additional procedure is set forth through which the voters in the municipality can override the Commission's decision.

Ind.Code 19–3–15–1 et seq.

This statute gives any city or town power to create a department of water works, which would be under the control and management of a board of trustees. The trustees are given the power to adopt and promulgate rules and regulations governing the operation and maintenance of a water works system. These rules go into effect, however, only after approval by the Public Service Commission. If such rules are not disapproved with thirty days of submission to the Commission, then the local rules and regulations are effective without the Commission's approval.

Additionally, the act provides that Commission approval is necessary for the issuance of any bonds. But if the Commission denies such approval, a procedure is set out by which the matter can be presented before the local voters and the Commission's denial overridden.

The Commission argues that this power of approval of local rules and regulations (found in several statutes) is sufficient to give the Commission the power to issue rules involved in this case. The Commission looks for support from Professor Kenneth C. Davis, who, in his *Administrative Law Text* (1972), makes the broad, unsupported statement that an agency which has discretionary power to decide individual cases always has the power to announce rules, even absent such a separate grant of rule making power.

Unfortunately the Professor's statement is contrary to a line of established Indiana cases which hold the Commission has only the *specific* authority granted to it by statute. And, these cases have narrowly construed the powers of the Commission granted by statute. *See Meyers v. Evansville Water Works Department, supra; City of*

payment. All rates, rules and regulations are subject to the approval of the public service commission or such other regulatory body having jurisdiction over such matters.

**3.** While not conclusive, we observe the Legislature has acquiesced in this interpretation by its

failure to amend the statute after the decision in *Meyers. See* 26 I.L.E. *Statutes.* § 127, and cases cited therein.

**4.** Ind.Code 19–3–10–16.

*Crown Point v. Henderlong Lumber Company, supra; Citizens Gas & Coke Utility Company v. Sloan, supra; American Vitrified Prod. Co. v. Public Service Commission, supra.* And they have narrowly interpreted the Commission's jurisdiction over municipal utilities.

Second, we perceive no legitimate inference to dictate specific rules arising from the legislature's grant to the Commission of the power of approval of local rules and regulations. To do so would result in a dramatic shift in the Commission's role.

As currently set forth in the statute, the Commission must wait for the municipality to decide when rules and regulations are necessary, what problems the rules will deal with, and the precise requirements the rules will impose. The Commission is left with a passive role; that is, it may approve, disapprove or merely acquiesce.

This passive role does not include the power to initiate and impose Commission rules on municipal utilities. It is analogous to the power granted the governor in Ind. Code (1976) 4–22–2–5. Rules of state agencies, to be effective, must be approved by the governor, but it cannot be seriously contended that the governor could initiate rules which those agencies must adopt.[5]

Ind.Code 19–3–25–1 et seq.[6]

This statute concerned departments of water works in certain second class cities. The department's board of trustees was given the power to fix rates and establish rules governing the operation of the utility, "[p]rovided, however, That all such rates, rules and regulations shall be subject to the approval of the public service commission or such other regulatory body having jurisdiction over such matters as may be provided by law, if any." (Ind.Code 19–3–25–3).

This is the same language that is interpreted in *Meyers v. Evansville Water Works Department* as recognizing any power the Commission may have, but not granting any power to the Commission.

Ind.Code 19–3–26–1 et seq. and
Ind.Code 19–3–32–1 et seq.

These two provisions are applicable only to a very limited class of municipalities.[7] These acts authorized the water works department's board of trustees to adopt rules and regulations for the operation of the water works, but such become effective only after approval by the Commission. Therefore, both are similar to Ind.Code 19–3–15–1 et seq., discussed above.

Ind.Code 19–3–34–1 et seq.

This statute governs extensions and additions to water systems by fifth class cities. It was interpreted in *City of Crown Point v. Henderlong Lumber Company, supra* as not granting the Commission jurisdiction to order a municipality to make extensions or to prescribe charges for such extensions.

The statute provides that no bond to finance extensions may be issued without Commission approval. But if such approval is denied, a procedure is provided for putting the issue before the local voters, and if approved by the local voters, the Commission must give its approval.

The water department's board of trustees, "subject to the jurisdiction of the public service commission of Indiana" (Ind.Code 19–3–34–14), is given the power to make rules and regulations governing the operation of the water system. In concert with the interpretation of *Meyers v. Evansville Water Works Department* and our discussion above, such a provision does not grant the Public Service Commission power, but merely recognizes that the board is subject to any jurisdiction granted the Commission by some other statute.

---

5. Our opinion does not address the extent to which the Commission may establish rules or policy guidelines for its granting approval to municipal utilities rules. This opinion is limited to the specific rules before us which attempt to dictate specific requirements in numerous areas concerning the operation of a municipal water utility.

6. Repealed by Acts 1978, P.L. 2, § 1919 and Acts 1979, P.L. 160, § 1.

7. As of the 1970 census, Ind.Code 19–3–26–1 was applicable only to Mishawaka, and Ind. Code 19–3–32–1 was applicable only to Michigan City, Mishawaka and Hobart.

Ind.Code 8–1–2–1 et seq.

The Commission tangentially mentions in its brief these provisions as also lending support to its claim of authority. It does not explain how it finds solace from the provisions of this act, which includes 120 sections and takes up 117 pages of the Ind.Code Ann. (1971) (Burns).

Indeed, from our reading of the act it appears to exclude municipal utilities from the Commission's jurisdiction except where specifically otherwise provided. The term public utilities specifically excludes municipal utilities (Ind.Code 8–1–2–1). While the Commission is given power to investigate complaints made against public utilities (see Ind.Code 8–1–2–54, –58, –69) no such provision is made as to municipal utilities. Municipalities, on the other hand, are given the authority to acquire and operate any utility within a six mile radius of the corporate limits without the consent of the Commission and without obtaining a certificate of public convenience and necessity from the Commission; this includes obtaining the rights of other utilities without the Commission's approval (Ind.Code 8–1–2–90).

A clear statement indicating that the Commission's jurisdiction over municipal utilities is limited is provided by Ind.Code 8–1–2–97(b):

(b) Any municipality within this state shall have the power to construct, acquire, purchase, condemn, operate and/or manage any utility, or make extensions or replacements to such municipally-owned utility without the approval or consent of the public service commission.

It is true that under Ind.Code 8–1–2–100, the Commission is given jurisdiction over municipal utilities' rates. But, the Commission may be totally divested of this jurisdiction by the voters of the individual municipalities in a general election.

A final argument is presented by intervenor Home Builders Association of Indiana. Home Builders contends that unless the Commission is given the authority it seeks, municipal utilities *may* be subject to the federal consumer protection act and the Indiana uniform consumer credit code.

This is a legislative matter. It is not our function to determine what powers it would be wise to grant the Commission, but rather to decide what powers have been granted to the Commission by the Legislature.

Despite the numerous statutory provisions reviewed by this court, we can find no provision granting the Commission the authority to issue extensive rules governing the operation of municipal utilities . . a conclusion in keeping with prior case law. Consequently, the decision of the Commission must be reversed.

Reversed.

SULLIVAN and SHIELDS, JJ., concurs.