INDIANA & MICHIGAN ELECTRIC COMPANY, Indiana Statewide Association of Rural Electric Cooperatives, Inc., Indianapolis Power & Light Company, Northern Indiana Public Service Company, Public Service Company of Indiana, Inc., and Southern Indiana Gas and Electric Company, Appellants,

v.

PUBLIC SERVICE COMMISSION of the State of Indiana, Office of the Utility Consumer Counselor, Daniel P. Coyle, Tanglewood Ent., Graham A. Richard, A.E. Staley Mfg. Co., Naturalized Energy Systems, Indiana Gas Co., Inc., Tom Gabhart d/b/a Cogen, Inc., Osborne Drilling, Inc., Bethlehem Steel Company, Kaiser Aluminum & Chemical Corp., Karen Mitchner d/b/a B–K Associates, David E. Warpenburg, Indiana Municipal Power Agency, Cogeneration Systems, Inc., Eli Lilly and Company, F.D. McCrary, Marjorie I. Cullison d/b/a C. & C. Enterprises, Air Dynamics, AES Wind Turbins, Franklin Supply, Nancy C. Day, H & K Enterprises, Geupal DeMars, Inc., City of Richmond d/b/a Richmond Power & Light, Logansport Municipal Electric Dept., City of Fort Wayne, City of South Bend, Amoco Oil Co. and Hydro Consultant, Appellees.

No. 2–1284–A–390.

Court of Appeals of Indiana, Second District.

July 29, 1986.

Jerry P. Belknap, Richard E. Deer, Barnes & Thornburg, Indianapolis, for appellants Ind. & Mich. Elec. Co., Ind. Statewide Ass'n of Rural Elec. Coop., Inc., Indianapolis Power & Light Co., Northern Ind. Public Service Co., Public Service Co. of Ind., Inc., and Southern Ind. Gas and Elec. Co.

Linley E. Pearson, Robert K. Johnson, Office of Atty. Gen., Indianapolis, for ap-

pellees Public Service Com'n of State of Ind.

Jan E. Helbert, Deputy Utility Consumer Counselor, Indianapolis, for Office of Utility Consumer Counselor.

Ronald E. Prater, Fort Wayne, for Ind. & Mich. Elec. Co.

David S. Richey, Parr, Richey, Obremskey & Morton, Lebanon, for Ind. Statewide Ass'n of Rural Elec. Cooperatives, Inc.

Marcus E. Woods, Indianapolis, for Indianapolis Power & Light Co.

Frederick F. Eichhorn, Jr., Eichhorn, Eichhorn & Link, Hammond, for Northern Ind. Public Service Co.

Duejean C. Garrett, Plainfield, for Public Service Co. of Ind., Inc.

George A. Porch, Bamberger, Foreman, Oswald & Hahn, Evansville, for Southern Ind. Gas and Elec. Co.

Robert L. Hartley, Martin, Wade, Hartley & Hollingsworth, Indianapolis, Glenn Berger, Skadden, Arps, Slate & Meagher, Washington, D.C., for Bethlehem Steel Co.

Michael J. Huston, Baker & Daniels, Indianapolis, for Eli Lilly and Co.

James McClarnon, Smith, Morgan & Ryan, Indianapolis, for Ind. Municipal Power Agency.

Robert Thompson, Fort Wayne, for City of Fort Wayne.

Eugenia S. Schwarts, City Atty's. Office, South Bend, for City of South Bend.

Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for City of Richmond, Ind. d/b/a Richmond Power & Light Logansport Municipal Elec. Dept.

Vern Partenheimer, Hall, Partenheimer & Kinkle, Princeton, for F.D. McCrary.

W. Paul Helmke, Jr., Fort Wayne, for Cogeneration Systems, Inc.

SULLIVAN, Judge.

## OPINION UPON PETITION FOR REHEARING

Appellants, Indiana & Michigan Electric Company, et al. (Electric Utilities), peti-tioned this court to grant rehearing with respect to our decision of May 7, 1986. *Indiana & Michigan Electric Company, et al. v. Public Service Commission, et al.* (1986) Ind.App., 492 N.E.2d 323. We deem it appropriate to consider the petition for the limited purpose of addressing certain of Electric Utilities' misconceptions regarding our original decision.

Electric Utilities assert that our decision dismissing the appeal is erroneous and conflicts with ruling precedent. Specifically, Electric Utilities argue that pursuant to *Boone County R.E.M.C., et al. v. Public Service Commission* (1958) 129 Ind.App. 175, 155 N.E.2d 149, and *Cities & Towns of Anderson v. Public Service Commission* (1979) 2d Dist., Ind.App., 397 N.E.2d 303, this court may assert jurisdiction to review Commission orders entered in rule-making (non-adjudicatory) proceedings.

While a cursory reading of the cited cases might lead to such conclusion, a careful examination of the decisions reveals an important distinction.

In *Boone County R.E.M.C., supra,* the REMCs challenged an *ex parte* order by the Commission, wherein it sought to extend its regulatory power to include regulation of the authority of REMCs to incur indebtedness. The Commission's authority in this area was, by its own admission, not expressly given. The order included an analysis of existing statutes which the Commission concluded *implicitly* authorized it to regulate REMC indebtedness. In holding that the order was void and of no effect, this court stated that

"the foregoing order ... constitutes an unequivocal assertion of power of its jurisdiction and authority over the REMC's ... and this being an initial and integral step on a regulatory scheme is sufficient to present to this court the question of the jurisdiction and the power of the Commission[.]" 155 N.E.2d at 154.

The order at issue in *Boone County R.E.M.C., supra,* also included determinations that all REMCs within Indiana were public utilities and an order directing all REMCs

to refrain from incurring new debt obligations until approval had been sought and obtained from the Commission. Further, the Commission declared in its order that non-compliance with its directive would subject non-complying REMCs to unspecified penalties.

Similarly, in *Cities & Towns of Anderson, supra,* 397 N.E.2d 303, the Commission issued an order proclaiming its intention to conduct a promulgation hearing concerning proposed rules and regulations to govern service conditions for water utilities. Several intervenors sought to dismiss the proceedings as to municipal water utilities, asserting that the Commission did not have jurisdiction to issue rules and regulations with respect to the provision of service by municipal water utilities. This court held that the Public Service Commission, being a creature of statute, could assert only such jurisdiction or authority as was specifically granted by statute. In reversing the Commission's decision, the court stated that "[i]t is not our function to determine what powers it would be wise to grant the Commission, but rather to decide what powers have been granted to the Commission by the Legislature." 397 N.E.2d at 310.

■ An allegation that an administrative order is contrary to law or unconstitutional submits for judicial review the legality of such determinations, findings or requirements as may have been contained in the order. For example, in *Boone County R.E.M.C., supra,* 155 N.E.2d 149, the Commission determined that all REMCs were "public utilities" and subject to its approval authority regarding REMC debt obligations. Similarly, in *Cities & Towns of Anderson, supra,* 397 N.E.2d 303, the Commission attempted to impose its rules and regulations in an area expressly reserved to the local waterworks department, subject, however, to the Commission's approval. I.C. 19–3–6.5–3(j) (repealed).

As can be readily discerned, neither *Boone County R.E.M.C.* nor *Cities & Towns of Anderson* addressed the issue of direct review by the Court of Appeals in a situation where the authority of the Commission to act in a particular matter is conceded, but the manner in which such authority is exercised is challenged. Both cases reviewed instances in which the Commission was attempting to issue pronouncements and directives in areas outside its expressed grant of authority.

■ Quite clearly then, if an administrative entity attempts or takes action without benefit of statutory authority, its actions may be challenged and enjoined at the first expression of its intent to act, without requiring the aggrieved party to first suffer the unlawful intrusion. *See, e.g., Illinois-Indiana Cable Television Ass'n v. Public Service Commission* (1981) 1st Dist., Ind. App., 427 N.E.2d 1100; *Cities & Towns of Anderson, supra,* 397 N.E.2d 303; *Citizens Gas & Coke Utility v. Sloan* (1964) 136 Ind.App. 297, 196 N.E.2d 290; *Boone County R.E.M.C., supra,* 155 N.E.2d 149.

■ Conversely, when an administrative agency has been expressly granted the authority to regulate a class of persons or specific area, it is improper for a court to encroach *through the mechanism of direct judicial review* upon the agency's field of expertise, prior to issuance of a Commission order applicable to particular persons or to a particular claim. *See generally Thompson v. Medical Licensing Board* (1979) 2d Dist., 180 Ind.App. 333, 389 N.E.2d 43, *reh. denied,* 398 N.E.2d 679, *cert. denied,* 449 U.S. 937.

The Public Service Commission was established to insure reliable and efficient service to utility customers and empowered to regulate operations and conditions of service of those utilities within the Commission's sphere of authority. *Office of Utility Consumer Counselor v. Public Service Co. of Indiana* (1984) 3d Dist., Ind.App., 463 N.E.2d 499, 503. The Commission also has authority to establish and review utility rates. When the Commission issues an order pursuant to its regulatory or rate-making authority, it does so in its primary capacity as a fact-finding administrative body. *Kentucky-Indiana Municipal Pow-*

er Ass'n v. Public Service Co. of Indiana (1979) 3d Dist., 181 Ind.App. 639, 393 N.E.2d 776, 781. These orders are subject to direct judicial review by the Court of Appeals which determines whether the orders are based upon adequate findings of fact and whether such findings are supported by sufficient evidence. *See Board of Directors for Utilities of Department of City of Indianapolis v. Office of Utility Consumer Counselor* (1985) 2d Dist., Ind. App., 473 N.E.2d 1043 (discussing the two-tiered standard of review applicable to Public Service Commission orders); *Capitol Improvement Board v. Public Service Commission* (1978) 2d Dist., 176 Ind.App. 240, 375 N.E.2d 616.

■ However, the requirement that an order be based upon specifically drawn findings of fact presupposes that the Commission is engaged in resolving factual matters in the proceedings which give rise to the disputed order. In addition to regulatory and rate-making authority, the exercise of which is predominantly factual, the Commission is also typically directed to issue rules and regulations implementing statutory policy. *See, e.g.,* I.C. 8–1–1–3(g) (Burns Code Ed.Supp.1986) and I.C. 8–1–2–47 (Burns Code Ed.Repl.1982). When the Commission acts to promulgate rules and regulations, like any other agency with rule-making power, it is acting in a quasi-legislative capacity and is subject to the Indiana Administrative Code, I.C. 4–22–2–1 *et seq.* (Burns Code Ed.Repl.1982).[1]

Though designated as such, Electric Utilities' challenge is not to the order adopting and promulgating the administrative rules and regulations, but to the *content* of those rules and regulations. The Legislature enacted I.C. 8–1–2.4–1 to –5,[2] and thereby expressly granted to the Commis-

sion the authority to issue rules and regulations concerning energy production and cogeneration. The statute was drafted with sufficient specificity to leave no doubt that the Commission was to issue rules implementing the Legislature's expressed intent. *See* 1982 Ind. Acts, P.L. 72, § 2(a) and I.C. 8–1–2.4–3 and –4.

Thus, the question presented by Electric Utilities' purported appeal is the extent to which the judicial branch may disrupt the administrative process committed to the discretion of the agency. In a related context (administrative adjudications), this court in *Thompson v. Medical Licensing Board, supra,* 389 N.E.2d at 47, discussed the propriety of premature intervention:

"[T]he Act [Administrative Adjudication Act, I.C. 4–22–1–1 *et seq.*] restricts access to the courts even though the administrative agency takes action affecting 'rights, duties, obligations, privileges or other legal relations' (Section 3). And this broad statement includes constitutional rights, duties, and privileges...."

The concurring opinion in *Thompson* distinguished between a challenge to the agency's authority to act and a challenge to the manner in which valid authority is exercised. It recognized that a challenge to the agency's underlying authority may be raised at any time while an attack upon the manner in which that authority is exercised must await the exhaustion of administrative remedies.[3] 389 N.E.2d at 51–52. Therein lies the precise distinction between Electric Utilities' cited authority and the nature of the challenge before us.

Electric Utilities are not seeking to "disrupt" the administrative process; they seek to bypass the entire administrative procedure governing attempted enforcement or

---

1. I.C. 4–22–2–3 provides: "The word 'agency' whenever used in this chapter shall mean and include any officer, board, commission, department, division, bureau of committee of the State of Indiana other than the courts, military officers or military boards of the state or state colleges and universities[.]"

2. Burns Code Ed.Repl.1982.

3. The concurrence also noted that if the challenge was directed at the constitutionality of a statute or other law, the "appropriate" remedy would be a declaratory judgment action. 389 N.E.2d at 52. Upon rehearing, a unanimous court reiterated that state procedural requirements are not automatically rendered inapplicable merely by the inclusion of a claim based upon federal law. 398 N.E.2d 679, 680–681.

application of the rules, and instead to obtain direct judicial review of an order which does nothing more than state the obvious—that the Commission, after due deliberation and hearing as provided for in I.C. 4–22–2–4, has determined that its draft of the proposed rules is now ready for submission to the Attorney General and Governor for approval. I.C. 4–22–2–5.

█ In dismissing the appeal, we did not, as Electric Utilities suggest, hold that "only adjudicatory orders are reviewable by this Court." We held that the order on which Electric Utilities based their claim of the right to review was not contemplated in either I.C. 8–1–3–1 or I.C. 8–1–3–7.[4] Both provisions clearly indicate that to be reviewable, an order must be based upon findings of *fact* supported by sufficient probative evidence. Such an order can only be issued by the Commission after receipt of evidence or factual data and a decision resolving the factual controversy.

█ The Commission promulgated its rules to fulfill the statutory objectives of I.C. 8–1–2.4–1, and the presumption is that the Commission did so in accordance with the law, I.C. 8–1–3–6 (Burns Code Repl. 1982). Electric Utilities have chosen the wrong forum to challenge the constitutionality or compatibility of the rules with federal law. Such a challenge is more appropriately within the contemplation of Indiana's Declaratory Judgment Act, I.C. 34–4–10–1 et seq. (Burns Code Ed.1973). *Thompson v. Medical Licensing Board,*

*supra,* 389 N.E.2d at 52. *See, e.g., Magnolia Petroleum Co. v. Federal Power Commission* (1956) 5th Cir., 236 F.2d 785, 792, in which petitioners sought a stay and review of certain administrative orders issued by the Federal Power Commission in response to an earlier Supreme Court ruling. The majority denied the stay and held that such orders were still subject to construction and application in particular situations and were not reviewable because the orders did not, of themselves, adversely affect complainant and that any adverse effect was contingent on future administrative action. *See also Pacific Gas and Electric Co. v. State Energy Resources Conservation & Development Commission* (1983) 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752; *City of Anderson v. Associated Furniture & Appliances, Inc.* (1981) Ind., 423 N.E.2d 293, 294; *United States Steel Corp. v. Northern Indiana Public Company* (1985) 4th Dist., Ind.App., 482 N.E.2d 501, *reh. denied,* 486 N.E.2d 1082; and *Indiana Environmental Management Board v. Indiana-Kentucky Elec. Corp.* (1979) 2d Dist., 181 Ind.App. 570, 393 N.E.2d 213.

█ We reiterate that the act of promulgation is not subject to direct review and that merely designating a document as an "order" is not sufficient to trigger the review provisions of I.C. 8–1–3–1 or I.C. 8–1–3–7. The review provisions are clearly applicable to orders, rulings or decisions based upon factual controversies.[5] We dis-

---

**4.** Electric Utilities also urge reconsideration of our original decision alleging our "misstatement," of I.C. 8–1–3–7, as the statute upon which they relied; whereas they rely upon I.C. 8–1–3–1. Both I.C. 8–1–3–1 and I.C. 8–1–3–7 bear upon this Court's jurisdiction to review Commission orders. Indiana Code 8–1–3–1 grants to adversely affected persons the right to obtain review of any "final decision, ruling, or order," but I.C. 8–1–3–7 defines the powers of this court with respect to such order, decision or ruling. Electric Utilities initiated the appeal by requesting that this court issue a *stay* of enforcement of the Commission's order pending review. The power to do so is granted by I.C. 8–1–3–7. If in fact, Electric Utilities do not rely upon I.C. 8–1–3–7, we are at a loss to explain their "Verified Petition of Indiana Electric Utilities to Stay and

Suspend Enforcement of Order and Rule" which was filed on April 11, 1985, "pursuant to IND. CODE § 8–1–3–7 (1982)."

**5.** We note in passing that the Legislature recently added an article to the Administrative Procedure Act entitled "Administrative Orders and Procedure," I.C. 4–21.5–1–1 *et seq.* (effective July 1, 1987). Though inapplicable to the Commission, I.C. 4–21.5–1–1 *et seq.* is in *pari materia* with the Public Service Commission Act. *Citizens Action Coalition v. Northern Indiana Public Service Co.* (1985) Ind., 485 N.E.2d 610, 617, *cert. denied,* 106 S.Ct. 2239 (1986). Section 9 defines "order" as

"an agency action of particular applicability that determines the legal rights, duties, privi-

cern no legal justification to alter our earlier conclusion. Accordingly, Electric Utilities' Petition for Rehearing is denied.

BUCHANAN, C.J., and SHIELDS, J., concur.

leges, immunities, or other legal interests of one (1) or more specific persons."
Though by no means dispositive in this instance, the definition reinforces our conclusion that an "order" attached to duly promulgated

rules is not such as is contemplated in either I.C. 8–1–3–1 or I.C. 8–1–3–7.